UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf
of all others similarly situated,

                                   **Plaintiff,**

                        -against-

SPICE PLACE, INC., SPICE AVE., INC.,
BANGKOK PALACE II, INC., SPICE CITY, INC.,
SPICE WEST, INC., KITLEN MANAGEMENT, INC.,
KITTIGRON LIRTPANARUK and YONGYUT
LIMLEARTVATE,

                              **Defendants.**
--------------------------------------------------------------------X

08 CV 3887 (RWS)

Oral Argument Requested

**NOTICE OF MOTION**

      PLEASE TAKE NOTICE that, upon the annexed Affirmation of Robert D. Lipman and the exhibits thereto, the accompanying memorandum of law, and all the pleadings and proceedings heretofore had herein, Defendants Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., Kitlen Management, Inc., Kittigron Lirtpanaruk and Yongyut Limleartvate will move this Court before the Honorable Robert W. Sweet, United States District Judge, in Courtroom 18C at the United States Courthouse, 500 Pearl Street, New York, New York, at a date and time to be determined by the Court, for an order: (1) dismissing this action on the ground that it is duplicative of a previously-filed action, Castro et al. v. Spice Place, Inc. et al., S.D.N.Y. Civ. No. 07-cv-4657 (RWS); (2) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted; (3) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19; (4) dismissing plaintiff's claims under the Federal Labor Standards Act as time-barred to the extent he seeks relief

based on the work plaintiff allegedly performed at the restaurant located at 60 University Place, New York, New York, from approximately November 2001 until November 2004; and (5) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 28, 2008

LAW OFFICE OF
RICHARD E. SIGNORELLI

By: _____/s/_____

Richard E. Signorelli (RS 7976)
Bryan Ha (BH 5295)
Co-Counsel for Defendants
799 Broadway, Suite 539
New York, NY 10003
Telephone:   212-254-4218
Facsimile:   212-254-1396
E-mail:  rsignorelli@nycLITIGATOR.com

Robert D. Lipman (RL 3564)
Lipman & Plesur, LLP
Co-Counsel for Defendants
500 North Broadway, Suite 105
Jericho, NY 11753
Telephone:   516-931-0050
Facsimile:   516-931-0030
E-mail:  lipman@lipmanplesur.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf of all
others similarly situated,

                                         Plaintiff,

                  -against-

SPICE PLACE, INC., SPICE AVE., INC., BANGKOK
PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC.
KITLEN MANAGEMENT, INC., KITTIGRON
LIRTPANARUK, and YONGYUT LIMLEARTVATE,

                                    Defendants.
--------------------------------------------------------------------X

**08 CV 3887 (RWS)**

**AFFIRMATION IN
SUPPORT OF
DEFENDANTS'
MOTION TO DISMISS**

## AFFIRMATION

        Robert D. Lipman, an attorney duly admitted to practice in the State of New York, and aware of the penalties for perjury, affirms the truth of the following:

        1.      I am a member of the law firm of Lipman & Plesur, LLP, co-counsel for defendants and as such I am fully familiar with the prior proceedings in this matter.

        2.      This Affirmation is submitted in support of Defendants' Motion To Dismiss.

        3.      Exhibit A attached hereto is a copy of the Amended Complaint filed May 1, 2008.

        4.      Exhibit B attached hereto is a copy of the Castro et al. v. Spice Place, Inc. et al., S.D.N.Y. Civ. No. 07-cv-4657 (RWS) Complaint filed June 1, 2007.

        5.      Exhibit C attached hereto is a copy of the Consent to Join Lawsuit executed by Plaintiff Guillermo Gonzales on September 11, 2007.

Dated: Jericho, New York
   July 28, 2008

              By: _____/s/_____
              Robert D. Lipman (RL 3564)
              Lipman & Plesur, LLP
              Co-Counsel For Defendants
              The Jericho Atrium
              500 North Broadway
              Suite 105
              Jericho, NY 11753
              (516)931-0050

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf
of all others similarly situated,

                      Plaintiff,

       -against-

SPICE PLACE, INC., SPICE AVE., INC.,
BANGKOK PALACE II, INC., SPICE CITY, INC.,
SPICE WEST, INC., KITLEN MANAGEMENT, INC.,
KITTIGRON LIRTPANARUK, and
YONGYUT LIMLEARTVATE

                     Defendants.
-------------------------------------------------------------X

**AMENDED COMPLAINT**

**FLSA COLLECTIVE ACTION**

**Rule 23 Class Action**

**Plaintiff Requests Trial by Jury**

**ECF case**

**Index no. 08-civ-3887**

Plaintiff **GUILLERMO GONZALES,** ("Gonzales") alleges that:

### FIRST CLAIM
**(Unpaid wages in violation of the Fair Labor Standards Act)**

1.    The jurisdiction of this court is conferred because of the presence of:

    (a)    federal questions pursuant to 28 U.S.C. §§ 1331, 1337 and 1343 arising from claims based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*; and

    (b)    a common nucleus of operative fact such that a single case or controversy is present for supplemental jurisdiction, pursuant to 28 U.S.C. §1367.

2.    The venue of this action is properly placed in the Southern District of New York

pursuant to 28 U.S.C. §1391 (b) and (c) because all or a substantial part of the events or

omissions giving rise to plaintiff's claims occurred in this district, defendants reside in this

district, and plaintiff was employed by defendants in this district.

1

3.      Upon information and belief, the six defendant corporations—Spice Palace, Inc.,

Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen

Management, Inc. (the "Spice group")—are domestic corporations organized and existing under

the laws of the State of New York.

4.      Upon information and belief, the Spice group corporations act in partnership with

one another in the operation and management of a chain of Thai restaurants in the State of New

York.

**5.**      Upon information and belief, the Spice group is owned and operated by the

individual defendants Kittigron Lirtpanaruk and Yongyut Limleartvate, who are sued

individually and in their capacity as owners, officers or agents of the Spice group.

6.      Gonzales brings this claim as a collective action and class action on behalf of

himself and all wait staff and "bussers" employed by the Spice group who were not compensated

for wages earned in violation of the FLSA and New York Labor Law (the "class") during the

period from April 30, 2002 to the date of this complaint (the "relevant period.")

7.      This claim is properly brought and maintained as an opt-in collective action

pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b) because Gonzales is similarly situated to other

potential members of the class as they were all "wait staff" and "bussers" employed by the Spice

group who suffered from the same common policies or plans of the Spice group which denied

them the compensation to which they are entitled under the FLSA.


**Gonzales's employment at the Spice group**

2

8.     Gonzales was employed at the Spice group's restaurants from approximately November 2001 to December 2007. (Gonzales's "period of employment.")

9.     For approximately the first three years of his period of employment, Gonzales was employed as a busser at the Spice group's restaurant, located at 60 University Place, New York, New York (the "University Place location.")

10.     During the remainder of his period of employment, Gonzales was employed as a waiter at the Spice group's restaurant, located at 75 Second Avenue, New York, New York (the "75 Second Avenue location.")

11.     At the University Place location, Gonzales worked from approximately 10:30 a.m. to 12:30 or 1:00 a.m. from Monday through Saturday; and from approximately 10:30 a.m. to 4:00 p.m. on Sundays—for a total of approximately 90 hours per week.

12.     At the 75 Second Avenue location, Gonzales worked from approximately 11:00 a.m. to 12:30 or 1:00 a.m. six days per week, with Sundays off—for a total of approximately 83 hours per week.

13.     Gonzales was never allowed to take meal breaks during his period of employment.

14.     In addition to his duties as a busser and waiter, the Spice group required Gonzales to perform other tasks—including stocking items in the storage room, cleaning the restaurant, setting up the seating area, and carrying supplies from the delivery trucks to the storage area.

15.     From the beginning of his period of employment until approximately 2004, Gonzales received no salary or other compensation from the Spice group, and received compensation only in the form of tips from restaurant patrons.

16.    The management of the Spice group pooled together the tips received by all waiters at the restaurant (the "tip pool") and distributed portions to bussers and waiters at the end of each day.

17.    Gonzales received approximately $40 from the tip pool each day, regardless of the amount of tips actually left by patrons.

18.    Upon information and belief, all the other bussers and waiters also received approximately $40 from the tip pool each day during the relevant period, regardless of the amount of tips actually left by patrons.

19.    Gonzales repeatedly complained to managers at the Spice group, including Gin (the general manager) and Lenny (a co-owner), that $40 per day was not sufficient to compensate him for the hours he worked, but they told Gonzales he could leave if he didn't like it.

20.    Gonzales arrival and departure times were recorded on a punch card from 2001 into 2004.

21.    In 2004, the Spice group began using a computer system to record arrival and departure times (the "computer time system")—by which waiters and bussers would record their arrival and departure times by swiping a card or entering an identification number into a computer.

22.    After it switched to the computer time system, the Spice group began paying Gonzales a weekly salary of approximately $160 by check, in addition to the approximately $40 he received per day from the tip pool.

23.    However, the management of the Spice group required Gonzales to cash his weekly paycheck and return the resulting cash to the restaurant, and withheld his tips until he returned the cash from cashing his check.

24.    Gonzales was required to "punch out" using the punch card or computer time system hours before he actually stopped working each day, so that his time records would incorrectly indicate that he worked no more than 40 hours per week.

25.    Gin, the general manager, called the manager at Gonzales's location and instructed the manager to have all waiters and bussers punch out hours before they actually stopped working.

26.    After the Spice group switched to the computer time system, the Spice group presented Gonzales with a blank W-2 federal tax form each year and required Gonzales to fill out his name and address and return the form to the Spice group.

27.    In 2005, the Spice group received a tax refund check for approximately $8,000 in Gonzales's name.

28.    A manager of the Spice group instructed Gonzales to deposit the tax refund check in his bank account and return the amount in cash to the Spice group manager.

29.    Gonzales informed the Spice group manager that Gonzales did not have a bank account, so the Spice group manager required Gonzales to endorse the check and return it to the Spice group—and Gonzales, following these instructions, so returned the check.

30.    On occasions when Gonzales was late for work, the Spice group sent him a bill for $5 for every 15 minutes he was late, and withheld the sum from his daily tips.

31.    Gonzales was required to purchase uniform pants and shirts with his own money for use in his employment by the Spice group.

32.    There were no minimum wage posters at the University Place or 75 Second Avenue locations until 2006.

33.    At the University Place location, there were at least eight other bussers and wait staff who were subject to the same Spice group compensation policies as Gonzales during his period of employment.

34.    At the 75 Second Avenue location, there were at least five other bussers and wait staff who were subject to the same compensation policies as Gonzales during his period of employment.

35.    Upon information and belief, all bussers and wait staff at all the Spice group's restaurants were subject to the same compensation policies as Gonzales throughout the relevant period.

36.    Throughout the relevant period, the Spice Group failed to keep accurate records of the hours worked by employees—including records of arrival and departure times and the total number of hours worked each day and each week.

**The Spice group's violation of the FLSA**

37.    As is set forth above, the Spice group violated the Fair Labor Standards Act 29 U.S.C. §§ 201 *et. seq*., by failing to pay plaintiff the minimum hourly rate under Federal law, and by failing to pay plaintiff overtime compensation in the amount of on and one-half times the regular rate for each hour worked in excess of forty hours per week.

6

38.    During the relevant period, the minimum hourly wages required under New York law were as follows:

       (a)    $5.15 per hour from October  2001 to December 31, 2004, ("relevant period A"), and

       (b)    $6.00 per hour from January 1, 2005 to December 31, 2005, ("relevant period B"), and

       (c)    $6.75 per hour from January 1, 2006 to December 31, 2006 ("relevant period C"), and

       (d)    $7.15 per hour after January 1, 2007 ("relevant period D").

39.    The conduct of defendants as alleged herein was willful and deliberate.

40.    By reason of the foregoing, Gonzales is entitled to:

       (a)    compensatory damages for unpaid wages in the amount of approximately $203,338.65, calculated as follows:

           i)    $33,784 for unpaid non-overtime hours worked during relevant period A (164 weeks times 40 hours per week times $5.15), plus

           ii)    $12,480 for unpaid non-overtime hours worked during relevant period B (52 weeks times 40 hours per week times $6.00), plus

           iii)    $14,040 for unpaid non-overtime hours worked during relevant period C (52 weeks times 40 hours per week times $6.75), plus

           iv)    $14,300 for unpaid non-overtime hours worked during relevant period D (50 weeks times 40 hours per week times $7.15), plus

           v)    $62,912.40 for unpaid overtime hours worked during relevant period A ([156 weeks times 50 overtime hours  per week times 1.5 times $5.15] plus [8 weeks times 43 overtime hours per week times 1.5 times $5.15]), plus

           vi)    $20,124 for unpaid overtime hours worked during relevant period B (52 weeks times 43 overtime hours per week times 1.5 times $6.00), plus

vii)   $22,639.50 for unpaid overtime hours worked during relevant period C (52 weeks times 43 overtime hours per week times 1.5 times $6.75), plus

viii)  $23,058.75 for unpaid overtime hours worked during relevant period D (50 weeks times 43 overtime hours per week times 1.5 times $7.15).

(b)    liquidated damages in the amount of approximately $203,338.65 pursuant to the FLSA, 29 U.S.C. § 216(b); and

(c)    the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

(d)    such other and further relief as this Court deems just and equitable.

41.  By reason of the foregoing, each class member is entitled to:

(a)    compensatory damages for unpaid wages, including minimum wages and overtime premiums; and

(b)    liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b); and

(c)    the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

(d)    such other and further relief as this Court deems just and equitable.

8

## SECOND CLAIM
### (Unpaid wages in violation of New York Labor Law)

42.    Gonzales and the class repeat and re-allege each and every allegation of paragraphs

1 through 39.

43.    The Spice group violated N.Y. Labor Law §§ 2, 190 and 650, *et seq*. and 12

N.Y.C.R.R. §142-2.2, by failing to pay plaintiff the minimum hourly rate under New York State

law, and by failing to pay plaintiff overtime compensation in the amount of one and one-half

times the regular rate for each hour worked in excess of forty hours per week.

44.    Gonzales meets the prerequisites to bring this action on behalf of the class under

Rule 23 because:

      a)  Numerosity:  upon information and belief, the class is so numerous that
          joinder of all members as individual plaintiffs is impracticable.  While the
          exact number of class members is unknown and can only be obtained through
          discovery, plaintiff believes at least 60 other bussers and wait staff were
          affected by the Spice group's unlawful compensation policies, and

      b)  Commonality:  there are questions of law and fact common to the class,
          including whether the Spice group violated the FLSA and New York Labor
          Law, and

      c)  Typicality:  Gonzales's claims are typical of the class because Gonzales and
          other members of the class were each underpaid as a result of the Spice
          group's unlawful compensation policies, and

      d)  Adequacy:  Gonzales will fairly and adequately protect the interests of the
          class, he has no interests that are antagonistic to, or in conflict with, the
          interests of the class as a whole, and has engaged competent counsel to ensure
          protection of the interests of the class as a whole.

45.    This action is suited for class certification under Rule 23 because the prosecution of

separate actions by individual class members would create a risk of inconsistent or varying

adjudications with respect to individual members of the class that would establish incompatible

standards of conduct for the Spice group, questions of law and fact common to members of the

class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46.    By reason of the foregoing, Gonzales and the class are entitled to the relief set forth in paragraphs 40 (a), (c), and (d); and 41 (a), (c), and (d).

### THIRD CLAIM
### (Unpaid "spread of hour" wages under New York Labor Law)

47.    Gonzales and the class repeat and re-allege each and every allegation of paragraphs 1 through 39 and 43 through 45.

48.    Pursuant to N.Y Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, Gonzales and each class member are each entitled to one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wages they are entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day they worked in which the "spread of hours" for that day exceeded ten hours.

49.    12 N.Y.C.R.R. §142-2.18 defines "spread of hours" as the interval between the beginning and the end of an employee's work day.

50.    The Spice group did not pay Gonzales and other class members for "spread of hours" wages in addition to their weekly hourly wages.

51.    As is set forth above, The Spice group violated N.Y. Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, by denying Gonzales and other class members one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wages they were entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day in which the spread of hours exceeded ten hours.

52.    By reason of the foregoing, Gonzales is entitled to:

(a)    compensatory damages for unpaid spread of hours wages in the amount of approximately $11,190.60, calculated as follows:

i)    $5,067.60 for unpaid spread of hours wages during relevant period A (164 weeks times six days per week times $5.15), plus

ii)    $1,872 for unpaid spread of hours wages during relevant period B (52 weeks times six days per week times $6.00), plus

iii)    $2,106 for unpaid spread of hours wages during relevant period C (52 weeks times six days per week times $6.75), plus

iv)    $2,154 for unpaid spread of hours wages during relevant period D (50 weeks times six days per week times $7.15), plus

(b)    the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

(c)    such other and further relief as this Court deems just and equitable.

53.    By reason of the foregoing, each class member is entitled to:

(a)    compensatory damages of one-hour's wage at the minimum wage for each day when the spread of hours for the day exceeded ten hours; and

(b)    the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

(c)    such other and further relief as this Court deems just and equitable.

**Wherefore**, it is respectfully requested that this Court award the relief requested in paragraphs 40, 41, 46, 52 and 53.

May 1, 2008

_____
Peter G. Eikenberry (7257)
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050

Michael A. Faillace

Michael Faillace & Associates, PC
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200

*Attorneys for plaintiffs*

**E X H I B I T   B**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | |
|---|---|
| MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ, individually and on behalf of others similarly situated, | **07 CV 4657 (RWS)(DFE)**  <br><br> **COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION** |
| *Plaintiffs*, | **Rule 23 Class Action** |
| -against- | **ECF Case** |
| SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, INC., JUTTANA RIMREARTWATE, THANADHAM THANEESAENGSIRI, KARNDA VAJIRABANJONG, KEVIN LEATHERS, KITTIGRON LIRTPANARUK, YONGYUT LIMLEARTVATE, and YUANYONG RIMREARTWATE, | |
| *Defendants.* | |

---------------------------------------------------------------X

Plaintiffs Marlon Castro, Octavio Rangel, Martin Vasquez, Alfredo Martinez, Rodolfo

Mendez, Gerardo Angulo, Juan Martinez, Jose Cervantes, Sergio Sanchez, Israel Sanchez,

Martine Perez, Guillermo Mendoza, Omar Castillo, and Amando Martinez, individually and on

behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates,

P.C., allege upon information and belief of the above named Defendants, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of the Defendant corporations ("Spice Group").

2.      Upon information and belief, the Spice Group is comprised of six corporations that act in partnership with one another in the operation and management of a chain of Thai restaurants in the state of New York.  The six corporations include: Spice Place, Inc., Spice Ave, Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management, Inc.

3.      Upon information and belief, the Spice Group is owned and operated by individual Defendants Kittigron Lirtpanaruk, Yongyut Limleartvate, Juttana Rimreartwate, Thanadham Thaneesaengsiri, Karnda Vajirabanjong, Kevin Leathers, and Yuanyong Rimreartwate, who are or were doing business with different trade names, and who are sued as individuals that operated as directors and officers of the Spice Group.

4.      Defendants have maintained a policy and practice of requiring Plaintiffs to work in excess of forty hours per week without providing the minimum wage and overtime compensation required by federal and state law regulations.

5.      Plaintiffs now bring this action to recover damages, including but not limited to, unpaid minimum wages and overtime premiums, liquidated damages, interest, attorneys fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq*., and the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R. § 137-1.7 (2005) ("Spread of Hours Wage Order").

6. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs seek certification of this action as a class action on behalf of themselves, individually, and all other employees and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants reside and Plaintiffs were employed by Defendants in this district.

**PARTIES**

*Plaintiffs*

10. Plaintiff Marlon Castro ("Plaintiff Castro") is an adult individual residing in New York City, Kings County. Plaintiff Castro was employed by Defendants as a delivery boy from approximately the year 2000 through April 2007. During the course of his employment, Plaintiff Castro worked at Spice Uptown, Spice Chelsea, and Spice University.

11.     Plaintiff Octavio Rangel ("Plaintiff Rangel") is an adult individual residing in New York City, Queens County.  Plaintiff Rangel was employed by Defendants as a delivery boy, dishwasher, and food preparation assistant from approximately March 1999 through April 2006.  During the course of his employment, Plaintiff Rangel worked at Spice Uptown, Spice Chelsea, and Spice University.

12.     Plaintiff Martin Vasquez ("Plaintiff Vasquez") is an adult individual residing in New York City, Queens County.  Plaintiff Vasquez was employed by Defendants as a delivery boy from approximately November 2001 through May 16, 2007.  During the course of his employment, Plaintiff Vasquez worked at Spice Chelsea and Spice University.

13.     Plaintiff Alfredo Mendez ("Plaintiff Mendez") is an adult individual residing in New York City, Queens County.  Plaintiff Mendez has been employed by Defendants as a delivery boy from approximately June 2005 through the present.  During the course of his employment, Plaintiff Mendez has worked at Spice Uptown, SEA Bistro, and SEA Williamsburg.

14.     Plaintiff Rodolfo Mendez ("Plaintiff Rodolfo") is an adult individual residing in New York City, Queens County.  Plaintiff Rodolfo has been employed by Defendants as a delivery boy from approximately April 2001 through the present.  During the course of his employment, Plaintiff Rodolfo has worked at the Spice University and Spice Chelsea.

15.     Plaintiff Gerardo Angulo ("Plaintiff Angulo") is an adult individual residing in New York City, Queens County.  Plaintiff Angulo has been employed by Defendants as a delivery boy, dish washer, and food preparation assistant from approximately November 2003

through the present.  During the course of his employment, Plaintiff Angulo has worked at Spice Chelsea and Spice University.

16.     Plaintiff Juan Martinez ("Plaintiff Martinez") is an adult individual residing in New York City, Queens County.  Plaintiff Martinez has been employed by Defendants as a delivery boy from approximately May 2002 through the present.  During the course of his employment, Plaintiff Martinez has worked at Spice University and Spice Uptown.

17.     Plaintiff Jose Cervantes ("Plaintiff Cervantes") is an adult individual residing in New York City, Bronx County.  Plaintiff Cervantes has been employed by Defendants as a delivery boy from approximately September 2005 through the present.  During the course of his employment, Plaintiff Cervantes has worked at Spice Uptown and SEA Williamsburg.

18.     Plaintiff Sergio Sanchez ("Plaintiff Sanchez") is an adult individual residing in New York City, Queens County.  Plaintiff Sanchez has been employed by Defendants as a delivery boy from approximately April 2003 through the present.  During the course of his employment, Plaintiff Sanchez has worked at Spice University and Spice Uptown.

19.     Plaintiff Israel Sanchez ("Plaintiff Israel") is an adult individual residing in New York City, Queens County.  Plaintiff Israel has been employed by Defendants as a delivery boy, dishwasher, and food preparation assistant from approximately the year 1999 through the present.  During the course of his employment, Plaintiff Israel has worked at Spice Uptown, Spice University, and Spice Chelsea.

20.     Plaintiff Martine Perez ("Plaintiff Perez") is an adult individual residing in New York City, Queens County.  Plaintiff Perez has been employed by Defendants as a delivery boy

from approximately July 2003 through the present. During the course of his employment, Plaintiff Perez has worked at Spice Uptown.

21. Plaintiff Guillermo Mendoza ("Plaintiff Guillermo") is an adult individual residing in New York City, Queens County. Plaintiff Guillermo has been employed by Defendants as a dishwasher and delivery boy from approximately June 2005 through the present. During the course of his employment, Plaintiff Guillermo has worked at Spice Uptown.

22. Plaintiff Omar Castillo ("Plaintiff Castillo") is an adult individual residing in New York City, Queens County. Plaintiff Castillo has been employed by Defendants as a delivery boy from approximately May 2003 through the present. During the course of his employment, Plaintiff Castillo has worked at Spice Uptown and Spice University.

23. Plaintiff Amado Martinez ("Plaintiff Amado") is an adult individual residing in New York City, New York County. Plaintiff Amado was employed by Defendants as a delivery boy from approximately November 2001 through 2004. During the course of his employment, Plaintiff Amado worked at Spice Uptown, Spice University, and Peep Soho.

*Defendants*

24. Upon information and belief, Bangkok Palace II, Inc. is a domestic corporation organized and existing under the laws of the State of New York. It maintains its corporate headquarters and operates a restaurant called Spice Uptown at 1411 2nd Avenue, New York, New York 10021.

25. Upon information and belief, Spice Place, Inc. is a domestic corporation organized and existing under the laws of the State of New York. It maintains its corporate

headquarters and operates a restaurant called Spice University at 60 University Place, New York, New York, 10003.

26.     Upon information and belief, Spice City, Inc. is a domestic corporation company organized and existing under the laws of the State of New York.  It maintains its corporate headquarters and operates a restaurant called SEA Williamsburg at at 114 N. 6th Street, Brooklyn, New York 11211.

27.     Upon information and belief, Spice West, Inc. is a domestic corporation company organized and existing under the laws of the State of New York.  It maintains its corporate headquarters and operates a restaurant called Peep Soho at 177 Prince Street, New York, New York 10012.

28.     Upon information and belief, Kitlen Management, Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate headquarters at Spice Uptown located at 1411 2nd Avenue, New York, New York, 10021.

29.     Upon information and belief, Spice Avenue Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate headquarters at 44-32 65th Street, Woodside, New York 11377, and operates a restaurant called Spice Chelsea at 199 8th Avenue, New York, New York, 10003.

30.     Upon information and belief, Defendant Kittigron Lirtpanaruk ("Defendant Lirtpanaruk") is an individual engaged in business in the New York City.  Defendant Lirtpanaruk is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

31.     Upon information and belief, Defendant Yongyut Limleartvate ("Defendant Limleartvate") is an individual engaged in business in the New York City.  Defendant Limleartvate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

32.     Upon information and belief, Defendant Juttana Rimreartwate ("Defendant Rimreartwate") is an individual engaged in business in the New York City.  Defendant Rimreartwate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

33.     Upon information and belief, Defendant Thanadham Thaneesaengsiri ("Defendant Thaneesaengsiri") is an individual engaged in business in the New York City.  Defendant Thaneesaengsiri is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

34.     Upon information and belief, Defendant Karnda Vajirabanjong ("Defendant Vajirabanjong") is an individual engaged in business in the New York City.  Defendant Vajirabanjong is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

35.     Upon information and belief, Defendant Kevin Leathers ("Defendant Leathers") is an individual engaged in business in the New York City.  Defendant Leathers is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

36.     Upon information and belief, Defendant Yuanyong Rimreartwate ("Defendant Rimreartwate") is an individual engaged in business in the New York City.  Defendant Rimreartwate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

37.     Defendants employed Plaintiffs as delivery personnel, dishwashers and/or food preparation assistants and indirectly required them to provide their own uniform shirts and bicycles, and refused to compensate them or reimburse them for these expenses.

38.     Plaintiffs regularly worked in excess of 40 hours a week and more than 10 hours a day.

39.     Plaintiffs received tips from Defendants' customers.  However, Defendants failed to inform the Plaintiffs that their tips were supposed to be credited towards the payment of the minimum wage and did not keep adequate records of tips received by Plaintiffs.

40.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

41.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate timesheets and payroll records.

42.     Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, hours worked each day, or total hours worked each week.

43.     Defendants forced Plaintiffs to use fake social security numbers with the specific intent of defrauding federal and state laws.  In approximately January 2006, the State of New York Office of the Attorney General initiated an audit of the Spice Group's employment and compensation practices.  Plaintiffs were required to split their 6-day work week between two restaurant locations.  Defendants forced Plaintiffs to work 3 days a week at one Spice Group restaurant under their valid social security number, and work the remaining 3 days at a different Spice Group restaurant under a fake social security number.

*Defendants' Organizational Structure*

44.     Upon information and belief, the Spice Group is comprised of six corporations that act in partnership with one another - Spice Place, Inc., Spice Ave, Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management, Inc.  Upon information and belief, the chain of Thai restaurants includes:

a.     Spice University
       60 University Place
       New York, New York 10003

b.     Spice Chelsea
       199 8th Avenue
       New York, New York 10011

c.     Spice Uptown
       1411 2nd Avenue
       New York, New York 10021

d.     SEA Williamsburg
       114 N. 6th Street
       Brooklyn, New York 11211

e.     SEA Bistro
       75 2nd Avenue

New York, New York 10003

      f.     Peep Soho
            177 Prince Street
            New York, New York 10012

45.     Upon information and belief, Defendants Kittigron Lirtpanaruk, Yongyut Limleartvate, Juttana Rimreartwate, Thanadham Thaneesaengsiri, Karnda Vajirabanjong, Kevin Leathers, and Yuanyong Rimreartwate are the owners and/or executive directors of the Spice Group Thai restaurants.

46.     Upon information and belief, each individual Defendant was the principal, agent, partner, joint venturer, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest or predecessor in interest of the other Defendants, and/or was engaged with the other Defendants in a joint enterprise for profit, and bore such other relationships to the other Defendants so as to be liable for their conduct.

47.     At all relevant times, one or more Defendants employed and/or jointly employed one or more Plaintiffs.

48.     The gross annual volume of sales made or business done by Spice Group, for each year in existence, was not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated).

49.     At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Collective Action Claims*

50.     On information and belief, there are over sixty current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

51.     The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action.

52.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

*Class Action Claims*

53.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

54.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the state of New York, on or after the date that is six years before the filing of the complaint in this case, June 2001, to entry of judgment in this case (the "New York Class Period").  All said persons, including Plaintiffs, are referred to herein as the "New York Class."

55.     The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which

the calculation of that number are presently within the sole control of Defendants, there are approximately over 50 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

56.     The representative parties will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

57.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

58.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

59.     The claims of Plaintiffs are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical

of those of class members.

60.    There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

a.  what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.  whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e.  whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f.  at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g.  what are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

**FIRST CAUSE OF ACTION**
**Violation of the Minimum Wage Provisions of the FLSA**

61.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

62.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

63.    At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

65.    Defendants intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67.    Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Violation of the Overtime Provisions of the FLSA**

68.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

69.    Defendants intentionally failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

70.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

72.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

73.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

74.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.

75.     Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

76.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

77.     Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Violation of the Overtime Provisions of the New York State Labor Law

78.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79.     Defendants willfully failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 et seq. and regulations of the New York State Department of Labor.

80.     Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

81.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order of the New York Commissioner of Labor

83.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84.    Defendants failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten in violation of N.Y. Lab. Law §  190 et seq. and § 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §137-1.7 and 137-3.11.

85.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

86.    Defendants' failure to pay Plaintiffs an additional hour pay for each day Plaintiffs spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

87.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully request the Court enter judgment against Defendants:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.    Designating this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under New York Labor Law;

C.     Awarding Plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law;

D.     Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage, spread of hours pay, and overtime compensation owed pursuant to 29 U.S.C. § 216(b);

E.     Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to Section 98 of the New York Labor Law;

F.     Awarding Plaintiffs prejudgment interest;

G.     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys fees; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 1, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
       Michael Faillace [MF-8436]
       110 East 59th Street, 32nd Floor
       New York, New York 10022
       (212) 317-1200

# E X H I B I T   C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MARLON CASTRO, OCTAVIO RANGEL,
MARTIN VASQUEZ, ALFREDO MARTINEZ,
RODOLFO MENDEZ, GERARDO ANGULO,
JUAN MARTINEZ, JOSE CERVANTES,
SERGIO SANCHEZ, ISRAEL SANCHEZ,
MARTINE PEREZ, GUILLERMO MENDOZA,          **CONSENT TO JOIN LAWSUIT**
OMAR CASTILLO, and AMANDO MARTINEZ,
on behalf of themselves and all others similarly    **CONSENTIMIENTO**
situated,                                          **PARA HACER**
              *Plaintiffs,*    **PARTE DE UNA DEMANDA**

      -against-

SPICE PLACE, INC., SPICE AVE., INC.,          **07 CV 4657**
BANGKOK PALACE II, INC., SPICE CITY,
INC., SPICE WEST, INC., KITLEN                **ECF Case**
MANAGEMENT, INC., JUTTANA
RIMREARTWATE, THANADHAM
THANEESAENGSIRI, KARNDA
VAJIRABANJONG, KEVIN LEATHERS,
KITTIGRON LIRTPANARUK, YONGYUT
LIMLEARTVATE, and YUANYONG
RIMREARTWATE,
              *Defendants.*
-------------------------------------------------------------X

TO:    Clerk of Court, Southern District of New York
        500 Pearl Street, New York, New York 10007

      I hereby consent to join this lawsuit as a party plaintiff.

      (Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)

Name / Nombre: **Guillermo Gonzalez**

Address / Direccion: **82-15 Britton Ave., Apt.5B**

**Queens, NY 11373**

Phone Number / Numero de Teléfono: **(516) 965 0118**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

N/A

Other / Otro:

Guillermo González

Signature / Firma:

09/11/07

Date / Fecha:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf
of all others similarly situated,

                                            08 CV 3887 (RWS)

                           Plaintiff,


                  -against-


SPICE PLACE, INC., SPICE AVE., INC.,
BANGKOK PALACE II, INC., SPICE CITY, INC.,
SPICE WEST, INC., KITLEN MANAGEMENT, INC.,
KITTIGRON LIRTPANARUK and YONGYUT
LIMLEARTVATE,


                         Defendants.
-----------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS



                                      LAW OFFICE OF
                                      RICHARD E. SIGNORELLI
                                      Co-Counsel for Defendants
                                      799 Broadway, Suite 539
                                      New York, NY  10003
                                      Telephone:   212-254-4218
                                      Facsimile:    212-254-1396
                                      E-mail:  rsignorelli@nycLITIGATOR.com

                                      LIPMAN & PLESUR, LLP
                                      Co-Counsel for Defendants
                                      500 North Broadway, Suite 105
                                      Jericho, NY  11753
                                      Telephone:   516-931-0050
                                      Facsimile:    516-931-0030
                                      E-mail:  lipman@lipmanplesur.com

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ...................................................................................................1

    A.    The Castro Action ................................................................................................1

    B.    The Instant Action................................................................................................2

ARGUMENT .........................................................................................................................6

    POINT I    THE INSTANT ACTION IS DUPLICATIVE
               OF THE CASTRO ACTION AND SHOULD
               BE DISMISSED AS SUCH.................................................................3

    POINT II    THE INSTANT ACTION SHOULD BE DISMISSED
               FOR FAILURE TO ADEQUATELY STATE A
               CLAIM UPON WHICH RELIEF CAN BE GRANTED ...........................4

    POINT III    THE INSTANT ACTION SHOULD BE DISMISSED
               FOR FAILURE TO JOIN A PARTY UNDER
               FED R. CIV. P. 19 ..............................................................................6

    POINT IV    THE FLSA CLAIMS ARE ALSO BARRED
               BY THE STATUTE OF LIMITATIONS....................................................7

CONCLUSION.....................................................................................................................8

## PRELIMINARY STATEMENT

Defendants Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., Kitlen Management, Inc., Kittigron Lirtpanaruk and Yongyut Limleartvate respectfully submit this memorandum of law in support of their motion for an order: (1) dismissing this action on the ground that it is duplicative of a previously-filed action, Castro et al. v. Spice Place, Inc. et al., S.D.N.Y. Civ. No. 07-cv-4657 (RWS); (2) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted; (3) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19; (4) dismissing plaintiff's claims under the Federal Labor Standards Act ("FLSA") as time-barred to the extent he seeks relief based on the work plaintiff allegedly performed at the restaurant located at 60 University Place, New York, New York, from approximately November 2001 until November 2004; and (5) for such other and further relief as the Court may deem just and proper.

## STATEMENT OF FACTS

### A.    The Castro Action

On June 1, 2007, Marlon Castro and thirteen other individuals filed a collective action under the FLSA against restaurants Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc. and Kitlen Management, Inc.  Also named as defendants were Kittigron Lirtpanaruk and Yongyut Limleartvate allegedly in their capacities as owners, officers and/or agents of the restaurants.  Castro et al. v. Spice Place, Inc. et al., S.D.N.Y. Civ. No. 07-cv-4657 (RWS) ("Castro Action").

The complaint in the Castro Action alleges that defendants: (1) failed to pay minimum hourly wages and overtime compensation in violation of the FLSA; (2) failed to pay minimum

1

hourly wages and overtime compensation in violation of the New York Labor Law ("NYLL");
and (3) failed to pay spread of hour wages in violation of the NYLL. (Castro Complaint, ¶¶ 61-
87. A copy of the Castro Complaint is annexed as Exhibit A to the Affirmation of Robert D.
Lipman ("Lipman Aff.").) Plaintiffs seek damages for, inter alia, "the amount of unpaid wages,
including minimum wages, overtime premiums, and spread of hours pay under the FLSA and
New York Labor Law[.]" (Id., Prayer for Relief, Part C.)

     Since the Castro Action was filed, fourteen other alleged former employees of the
restaurants have filed written consents to "opt-in" as party plaintiffs under the FLSA, including
Guillermo Gonzales, the plaintiff in the instant action. (Castro Action, Docket Entries Nos. 2-7,
11, 14, 34-35, 41 and 48-50.)

**B.**    **The Instant Action**

     Plaintiff Guillermo Gonzales filed the instant action on April 24, 2008. According to
Gonzales, he was employed at the restaurant located at 60 University Place, New York, New
York, i.e., Spice Place, Inc. (Castro Complaint, ¶ 25), for approximately three years starting from
November 2001. Thereafter he was employed at a restaurant located at 75 Second Avenue, New
York, New York, until December 2007. (Gonzales Amended Complaint, ¶¶ 9-10. A copy of the
Gonzales Amended Complaint is annexed as Exhibit B to the Lipman Aff.)

     Gonzales is the only plaintiff in the instant action. The named defendants in the action
are Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West,
Inc., Kitlen Management, Inc., Kittigron Lirtpanaruk and Yongyut Limleartvate. (Gonzales
Amended Complaint). These are the same defendants named in the Castro Action.

     Gonzales' claims are identical to those alleged in the Castro Action. He claims that
defendants: (1) failed to pay minimum hourly wages and overtime compensation in violation of

the FLSA; (2) failed to pay minimum hourly wages and overtime compensation in violation of the NYLL; and (3) failed to pay spread of hour wages in violation of the NYLL. (Gonzales Amended Complaint, ¶¶ 1-53.)

As noted, Gonzales has filed a written consent to "opt-in" as a party plaintiff in the Castro Action. The consent was filed on October 12, 2007, more than six (6) months before he brought the instant action. (Castro Action, Docket Entry No. 41. A copy of the "Consent To Join Lawsuit" executed by Gonzales on September 11, 2007, is annexed as Exhibit C to the Lipman Aff.)

Significantly, the restaurant located at 75 Second Avenue is not named as a defendant in this action. None of the defendant restaurants named in this action is located at that address. (Castro Complaint, ¶¶ 24-27, 29.) Gonzales does not allege that he worked at any of the restaurants named as defendants in this action other than Spice Place, Inc., i.e., the restaurant located at 60 University Place. (Id., ¶ 25; Gonzales Amended Complaint, ¶¶ 9-10.)

## ARGUMENT

### POINT I

### THE INSTANT ACTION IS DUPLICATIVE OF THE CASTRO ACTION AND SHOULD BE DISMISSED AS SUCH

The instant action is clearly duplicative of the Castro Action and should be dismissed as such. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citi-Bank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citations omitted); see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the

same court, against the same defendant at the same time." <u>Curtis</u>, 226 F.3d at 138-39; <u>see</u> <u>Becker v. Schenley Indus., Inc.</u>, 557 F.2d 346, 348 (2d Cir. 1977) (a district court should exercise its discretion "so as to avoid duplicative class actions").

The instant action is clearly duplicative of the Castro Action.  The same defendants are named in this action as in the Castro Action.  Gonzales is asserting the same claims here that he is asserting as an "opt-in" plaintiff in the Castro Action; in both cases he is claiming that defendants: (1) failed to pay minimum hourly wages and overtime compensation in violation of the FLSA; (2) failed to pay minimum hourly wages and overtime compensation in violation of the NYLL; and (3) failed to pay spread of hour wages in violation of the NYLL. He can obtain the same relief in the Castro Action that he is seeking in the instant action.

Gonzales, in short, is simultaneously pursuing the same claims against the same defendants in two separate actions in the same court.  Accordingly, it is respectfully submitted that the instant action is duplicative of the Castro Action and should be dismissed as such.

**POINT II**

**THE INSTANT ACTION SHOULD BE DISMISSED
FOR FAILURE TO ADEQUATELY STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted.  The amended complaint appears to be predicated on the theory that the named defendant restaurants are "joint employers" and therefore liable as such for the alleged violations.  Gonzales claims that he was "employed" by, and seeks relief against, the "Spice group", a label under which he lumps all the named defendant restaurants. (Gonzales Amended Complaint, ¶¶ 3, 8.).  He does not claim that he was "employed" by and does not seek relief specifically against either of the two restaurants where

4

he allegedly actually worked (i.e., the restaurant located at 60 University Place and the restaurant located at 75 Second Avenue).

However, the amended complaint lacks any factual allegations as to any "joint employer" relationship among the named defendant restaurants as would support any entitlement to relief against them under that theory.  See Butler v. City of Batavia, 545 F. Supp.2d 289, 291 (W.D.N.Y. 2008) ("While the complaint need not include detailed factual allegations, a plaintiff must show the 'grounds of is entitlement to relief.'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)).  There is no factual allegation that any of the relevant factors for determining whether a person is an "employer" under the FLSA exists among them.  See Herman v. RSR Sec. Svcs. Ltd., 172 F.3d 132, 139-40 (2d Cir. 1999) (discussing relevant factors in "economic reality" test for determining whether a person is an "employer").  The amended complaint merely alleges, in conclusory fashion, that "[u]pon information and belief" the defendant restaurants "act in partnership with one another" and, on that basis, lumps them all under the "Spice group" label. (Gonzales Amended Complaint, ¶ 3.)

Such "labels and conclusions" are plainly insufficient "to raise a right to relief" against the defendant restaurants under a "joint employer" theory "above the speculative level" and, therefore, are insufficient to survive a Rule 12(b)(6) motion to dismiss.  Twombly, 127 S. Ct. at 1964-65 ("Factual allegations must be enough to raise a right to relief above the speculative level."); see Goldstein v. Pataki, 516 F.3d 50, 57 (2d Cir. 2008).

Accordingly, it is respectfully submitted that the instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted.

## POINT III

### THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO JOIN A PARTY UNDER FED. R. CIV. P. 19

The instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19. Gonzales alleges that he worked at the restaurant located at 75 Second Avenue from approximately November 2004 until December 2007. (Gonzales Amended Complaint, ¶¶ 9-10.) He claims that the defendants failed to pay him minimum hourly wages and overtime compensation and spread of hour wages for his work at that restaurant. (Id., ¶¶ 40, 52.)

However, Gonzales failed to name the 75 Second Avenue restaurant as a defendant in this action. None of the defendant restaurants named in this action is located at that address. (Castro Complaint, ¶¶ 24-27, 29.)

The 75 Second Avenue restaurant is clearly a "necessary" party under Rule 19. There is no question that in its absence "the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A); see Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70, 76 (S.D.N.Y. 2006) (employer a "necessary" party; "[i]t is difficult to see how [employee] could be accorded complete relief without Capstar, the entity that employs and, moreover, pays and makes charge backs to the wages of, members of the putative class").

The restaurant, moreover, is an "indispensable" party, in that it "would undoubtedly be prejudiced if a judgment is rendered in this action in its absence, given that the complaint is directed towards [the restaurant's] own compensation structure and policies." Mattera, 239 F.R.D. at 76.

Critically, the amended complaint does not allege any "joint employer" relationship between the named defendant restaurants and the unnamed non-defendant 75 Second Avenue restaurant as could give rise to liability under a joint and several liability theory. In fact, it does not allege any relationship whatsoever between the named defendant restaurants and the 75 Second Avenue restaurant. It only alleges that the named defendant restaurants "acted in partnership with one another[.]" (Amended Complaint, ¶ 4.)

Accordingly, it is respectfully submitted that the instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19.

### POINT IV

### THE FLSA CLAIMS ARE ALSO BARRED BY THE STATUTE OF LIMITATIONS

As discussed above, Gonzales failed to name the 75 Second Avenue restaurant – where he allegedly worked from approximately November 2004 until December 2007 – as a defendant in the instant action. He also failed to adequately allege any "joint employer" relationship between the named defendant restaurants and the 75 Second Avenue restaurant as could give rise to liability under a joint and several liability theory.

Thus, Gonzales' only claims for relief against a named defendant in this case arise out of the work he allegedly performed at the 60 University Place restaurant, i.e., Spice Place, Inc., from approximately November 2001 until November 2004. (Gonzales Amended Complaint, ¶¶ 9-10.) These claims are clearly time-barred under the FLSA. See Davis v. Lenox Hill Hosp., 2004 U.S. Dist. LEXIS 17283, at *26 (S.D.N.Y. 2004) (statute of limitation for FLSA violation is ordinarily two years; it is extended to three years for willful violations); 29 U.S.C. § 255.

7

Accordingly, it is respectfully submitted that the FLSA claims should also be dismissed as time-barred to the extent they seek relief based on the work Gonzales allegedly performed at the 60 University Place restaurant from approximately November 2001 until November 2004.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court should dismiss this action in its entirety and award defendants attorneys' fees and costs and such other relief as the Court deems just and appropriate.

Dated: Jericho, New York
July 28, 2008

                                LAW OFFICE OF
                                RICHARD E. SIGNORELLI


            By:    _____/s/_____
                   Richard E. Signorelli (RS 7976)
                   Bryan Ha (BH 5295)
                   Co-Counsel for Defendants
                   799 Broadway, Suite 539
                   New York, NY 10003
                   Telephone:    212-254-4218
                   Facsimile:    212-254-1396
                   E-mail:  rsignorelli@nycLITIGATOR.com


                   Robert D. Lipman (RL 3564)
                   Lipman & Plesur, LLP
                   Co-Counsel for Defendants
                   500 North Broadway, Suite 105
                   Jericho, NY 11753
                   Telephone:    516-931-0050
                   Facsimile:    516-931-0030
                   E-mail:  lipman@lipmanplesur.com

8