UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf
of all others similarly situated,

                                                      08 CV 3887 (RWS)

                           Plaintiff,

                    -against-

SPICE PLACE, INC., SPICE AVE., INC.,
BANGKOK PALACE II, INC., SPICE CITY, INC.,
SPICE WEST, INC., KITLEN MANAGEMENT, INC.,
KITTIGRON LIRTPANARUK and YONGYUT
LIMLEARTVATE,

                             Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

                                       LAW OFFICE OF
                                       RICHARD E. SIGNORELLI
                                       Co-Counsel for Defendants
                                       799 Broadway, Suite 539
                                       New York, NY 10003
                                       Telephone:    212-254-4218
                                       Facsimile:    212-254-1396
                                       E-mail: rsignorelli@nycLITIGATOR.com

                                       LIPMAN & PLESUR, LLP
                                       Co-Counsel for Defendants
                                       500 North Broadway, Suite 105
                                       Jericho, NY 11753
                                       Telephone:    516-931-0050
                                       Facsimile:    516-931-0030
                                       E-mail: lipman@lipmanplesur.com

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 1

    A.    The Castro Action ................................................................................................. 1

    B.    The Instant Action ................................................................................................ 2

ARGUMENT .......................................................................................................................... 6

    POINT I    THE INSTANT ACTION IS DUPLICATIVE OF THE CASTRO ACTION AND SHOULD BE DISMISSED AS SUCH ............................................................................ 3

    POINT II    THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................ 4

    POINT III    THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO JOIN A PARTY UNDER FED R. CIV. P. 19 ............................................................. 6

    POINT IV    THE FLSA CLAIMS ARE ALSO BARRED BY THE STATUTE OF LIMITATIONS ................................ 7

CONCLUSION ....................................................................................................................... 8

## PRELIMINARY STATEMENT

Defendants Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., Kitlen Management, Inc., Kittigron Lirtpanaruk and Yongyut Limleartvate respectfully submit this memorandum of law in support of their motion for an order: (1) dismissing this action on the ground that it is duplicative of a previously-filed action, Castro et al. v. Spice Place, Inc. et al., S.D.N.Y. Civ. No. 07-cv-4657 (RWS); (2) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted; (3) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19; (4) dismissing plaintiff's claims under the Federal Labor Standards Act ("FLSA") as time-barred to the extent he seeks relief based on the work plaintiff allegedly performed at the restaurant located at 60 University Place, New York, New York, from approximately November 2001 until November 2004; and (5) for such other and further relief as the Court may deem just and proper.

## STATEMENT OF FACTS

### A. The Castro Action

On June 1, 2007, Marlon Castro and thirteen other individuals filed a collective action under the FLSA against restaurants Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc. and Kitlen Management, Inc. Also named as defendants were Kittigron Lirtpanaruk and Yongyut Limleartvate allegedly in their capacities as owners, officers and/or agents of the restaurants. Castro et al. v. Spice Place, Inc. et al., S.D.N.Y. Civ. No. 07-cv-4657 (RWS) ("Castro Action").

The complaint in the Castro Action alleges that defendants: (1) failed to pay minimum hourly wages and overtime compensation in violation of the FLSA; (2) failed to pay minimum

1

hourly wages and overtime compensation in violation of the New York Labor Law ("NYLL"); and (3) failed to pay spread of hour wages in violation of the NYLL. (Castro Complaint, ¶¶ 61-87. A copy of the Castro Complaint is annexed as Exhibit A to the Affirmation of Robert D. Lipman ("Lipman Aff.").) Plaintiffs seek damages for, inter alia, "the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law[.]" (Id., Prayer for Relief, Part C.)

Since the Castro Action was filed, fourteen other alleged former employees of the restaurants have filed written consents to "opt-in" as party plaintiffs under the FLSA, including Guillermo Gonzales, the plaintiff in the instant action. (Castro Action, Docket Entries Nos. 2-7, 11, 14, 34-35, 41 and 48-50.)

**B.    The Instant Action**

Plaintiff Guillermo Gonzales filed the instant action on April 24, 2008. According to Gonzales, he was employed at the restaurant located at 60 University Place, New York, New York, i.e., Spice Place, Inc. (Castro Complaint, ¶ 25), for approximately three years starting from November 2001. Thereafter he was employed at a restaurant located at 75 Second Avenue, New York, New York, until December 2007. (Gonzales Amended Complaint, ¶¶ 9-10. A copy of the Gonzales Amended Complaint is annexed as Exhibit B to the Lipman Aff.)

Gonzales is the only plaintiff in the instant action. The named defendants in the action are Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., Kitlen Management, Inc., Kittigron Lirtpanaruk and Yongyut Limleartvate. (Gonzales Amended Complaint). These are the same defendants named in the Castro Action.

Gonzales' claims are identical to those alleged in the Castro Action. He claims that defendants: (1) failed to pay minimum hourly wages and overtime compensation in violation of

2

the FLSA; (2) failed to pay minimum hourly wages and overtime compensation in violation of the NYLL; and (3) failed to pay spread of hour wages in violation of the NYLL. (Gonzales Amended Complaint, ¶¶ 1-53.)

As noted, Gonzales has filed a written consent to "opt-in" as a party plaintiff in the Castro Action. The consent was filed on October 12, 2007, more than six (6) months before he brought the instant action. (Castro Action, Docket Entry No. 41. A copy of the "Consent To Join Lawsuit" executed by Gonzales on September 11, 2007, is annexed as Exhibit C to the Lipman Aff.)

Significantly, the restaurant located at 75 Second Avenue is not named as a defendant in this action. None of the defendant restaurants named in this action is located at that address. (Castro Complaint, ¶¶ 24-27, 29.) Gonzales does not allege that he worked at any of the restaurants named as defendants in this action other than Spice Place, Inc., i.e., the restaurant located at 60 University Place. (Id., ¶ 25; Gonzales Amended Complaint, ¶¶ 9-10.)

## ARGUMENT

### POINT I

### THE INSTANT ACTION IS DUPLICATIVE OF THE CASTRO ACTION AND SHOULD BE DISMISSED AS SUCH

The instant action is clearly duplicative of the Castro Action and should be dismissed as such. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citi-Bank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citations omitted); see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the

3

same court, against the same defendant at the same time." Curtis, 226 F.3d at 138-39; see Becker v. Schenley Indus., Inc., 557 F.2d 346, 348 (2d Cir. 1977) (a district court should exercise its discretion "so as to avoid duplicative class actions").

The instant action is clearly duplicative of the Castro Action. The same defendants are named in this action as in the Castro Action. Gonzales is asserting the same claims here that he is asserting as an "opt-in" plaintiff in the Castro Action; in both cases he is claiming that defendants: (1) failed to pay minimum hourly wages and overtime compensation in violation of the FLSA; (2) failed to pay minimum hourly wages and overtime compensation in violation of the NYLL; and (3) failed to pay spread of hour wages in violation of the NYLL. He can obtain the same relief in the Castro Action that he is seeking in the instant action.

Gonzales, in short, is simultaneously pursuing the same claims against the same defendants in two separate actions in the same court. Accordingly, it is respectfully submitted that the instant action is duplicative of the Castro Action and should be dismissed as such.

## POINT II

### THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted. The amended complaint appears to be predicated on the theory that the named defendant restaurants are "joint employers" and therefore liable as such for the alleged violations. Gonzales claims that he was "employed" by, and seeks relief against, the "Spice group", a label under which he lumps all the named defendant restaurants. (Gonzales Amended Complaint, ¶¶ 3, 8.). He does not claim that he was "employed" by and does not seek relief specifically against either of the two restaurants where

4

he allegedly actually worked (i.e., the restaurant located at 60 University Place and the restaurant located at 75 Second Avenue).

However, the amended complaint lacks any factual allegations as to any "joint employer" relationship among the named defendant restaurants as would support any entitlement to relief against them under that theory. See Butler v. City of Batavia, 545 F. Supp.2d 289, 291 (W.D.N.Y. 2008) ("While the complaint need not include detailed factual allegations, a plaintiff must show the 'grounds of is entitlement to relief.'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)). There is no factual allegation that any of the relevant factors for determining whether a person is an "employer" under the FLSA exists among them. See Herman v. RSR Sec. Svcs. Ltd., 172 F.3d 132, 139-40 (2d Cir. 1999) (discussing relevant factors in "economic reality" test for determining whether a person is an "employer"). The amended complaint merely alleges, in conclusory fashion, that "[u]pon information and belief" the defendant restaurants "act in partnership with one another" and, on that basis, lumps them all under the "Spice group" label. (Gonzales Amended Complaint, ¶ 3.)

Such "labels and conclusions" are plainly insufficient "to raise a right to relief" against the defendant restaurants under a "joint employer" theory "above the speculative level" and, therefore, are insufficient to survive a Rule 12(b)(6) motion to dismiss. Twombly, 127 S. Ct. at 1964-65 ("Factual allegations must be enough to raise a right to relief above the speculative level."); see Goldstein v. Pataki, 516 F.3d 50, 57 (2d Cir. 2008).

Accordingly, it is respectfully submitted that the instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted.

# POINT III

## THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO JOIN A PARTY UNDER FED. R. CIV. P. 19

The instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19. Gonzales alleges that he worked at the restaurant located at 75 Second Avenue from approximately November 2004 until December 2007. (Gonzales Amended Complaint, ¶¶ 9-10.) He claims that the defendants failed to pay him minimum hourly wages and overtime compensation and spread of hour wages for his work at that restaurant. (Id., ¶¶ 40, 52.)

However, Gonzales failed to name the 75 Second Avenue restaurant as a defendant in this action. None of the defendant restaurants named in this action is located at that address. (Castro Complaint, ¶¶ 24-27, 29.)

The 75 Second Avenue restaurant is clearly a "necessary" party under Rule 19. There is no question that in its absence "the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A); see Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70, 76 (S.D.N.Y. 2006) (employer a "necessary" party; "[i]t is difficult to see how [employee] could be accorded complete relief without Capstar, the entity that employs and, moreover, pays and makes charge backs to the wages of, members of the putative class").

The restaurant, moreover, is an "indispensable" party, in that it "would undoubtedly be prejudiced if a judgment is rendered in this action in its absence, given that the complaint is directed towards [the restaurant's] own compensation structure and policies." Mattera, 239 F.R.D. at 76.

Critically, the amended complaint does not allege any "joint employer" relationship between the named defendant restaurants and the unnamed non-defendant 75 Second Avenue restaurant as could give rise to liability under a joint and several liability theory. In fact, it does not allege any relationship whatsoever between the named defendant restaurants and the 75 Second Avenue restaurant. It only alleges that the named defendant restaurants "acted in partnership with one another[.]" (Amended Complaint, ¶ 4.)

Accordingly, it is respectfully submitted that the instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19.

### POINT IV

### THE FLSA CLAIMS ARE ALSO BARRED BY THE STATUTE OF LIMITATIONS

As discussed above, Gonzales failed to name the 75 Second Avenue restaurant – where he allegedly worked from approximately November 2004 until December 2007 – as a defendant in the instant action. He also failed to adequately allege any "joint employer" relationship between the named defendant restaurants and the 75 Second Avenue restaurant as could give rise to liability under a joint and several liability theory.

Thus, Gonzales' only claims for relief against a named defendant in this case arise out of the work he allegedly performed at the 60 University Place restaurant, i.e., Spice Place, Inc., from approximately November 2001 until November 2004. (Gonzales Amended Complaint, ¶¶ 9-10.) These claims are clearly time-barred under the FLSA. See Davis v. Lenox Hill Hosp., 2004 U.S. Dist. LEXIS 17283, at *26 (S.D.N.Y. 2004) (statute of limitation for FLSA violation is ordinarily two years; it is extended to three years for willful violations); 29 U.S.C. § 255.

7

Accordingly, it is respectfully submitted that the FLSA claims should also be dismissed as time-barred to the extent they seek relief based on the work Gonzales allegedly performed at the 60 University Place restaurant from approximately November 2001 until November 2004.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Court should dismiss this action in its entirety and award defendants attorneys' fees and costs and such other relief as the Court deems just and appropriate.

Dated: Jericho, New York
July 28, 2008

        LAW OFFICE OF
        RICHARD E. SIGNORELLI

By: _____/s/_____
Richard E. Signorelli (RS 7976)
Bryan Ha (BH 5295)
Co-Counsel for Defendants
799 Broadway, Suite 539
New York, NY 10003
Telephone: 212-254-4218
Facsimile: 212-254-1396
E-mail: rsignorelli@nycLITIGATOR.com

Robert D. Lipman (RL 3564)
Lipman & Plesur, LLP
Co-Counsel for Defendants
500 North Broadway, Suite 105
Jericho, NY 11753
Telephone: 516-931-0050
Facsimile: 516-931-0030
E-mail: lipman@lipmanplesur.com

8