UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf of all
others similarly situated,

                                          Plaintiff,                    **08 CV 3887 (RWS)**

               -against-                                                **AFFIRMATION IN
                                                                        SUPPORT OF
                                                                        DEFENDANTS'
SPICE PLACE, INC., SPICE AVE., INC., BANGKOK                            MOTION TO DISMISS**
PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC.
KITLEN MANAGEMENT, INC., KITTIGRON
LIRTPANARUK, and YONGYUT LIMLEARTVATE,

                                          Defendants.
--------------------------------------------------------------------X


### AFFIRMATION

           Robert D. Lipman, an attorney duly admitted to practice in the State of New York,

and aware of the penalties for perjury, affirms the truth of the following:

           1.      I am a member of the law firm of Lipman & Plesur, LLP, co-counsel for

defendants and as such I am fully familiar with the prior proceedings in this matter.

           2.      This Affirmation is submitted in support of Defendants' Motion To

Dismiss.

           3.      Exhibit A attached hereto is a copy of the Amended Complaint filed May

1, 2008.

           4.      Exhibit B attached hereto is a copy of the Castro et al. v. Spice Place, Inc.

et al., S.D.N.Y. Civ. No. 07-cv-4657 (RWS) Complaint filed June 1, 2007.

           5.      Exhibit C attached hereto is a copy of the Consent to Join Lawsuit

executed by Plaintiff Guillermo Gonzales on September 11, 2007.

Dated: Jericho, New York
      July 28, 2008

                                       By: _____ /s/ _____
                                       Robert D. Lipman (RL 3564)
                                       Lipman & Plesur, LLP
                                       Co-Counsel For Defendants
                                       The Jericho Atrium
                                       500 North Broadway
                                       Suite 105
                                       Jericho, NY 11753
                                       (516)931-0050

**E X H I B I T  A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf
of all others similarly situated,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
|  | **FLSA COLLECTIVE ACTION** |
| -against- | **Rule 23 Class Action** |
|  | **Plaintiff Requests Trial by Jury** |
| SPICE PLACE, INC., SPICE AVE., INC., | **ECF case** |
| BANGKOK PALACE II, INC., SPICE CITY, INC., |  |
| SPICE WEST, INC., KITLEN MANAGEMENT, INC., |  |
| KITTIGRON LIRTPANARUK, and |  |
| YONGYUT LIMLEARTVATE | **Index no. 08-civ-3887** |

Defendants.
-------------------------------------------------------------X

Plaintiff **GUILLERMO GONZALES,** ("Gonzales") alleges that:

## FIRST CLAIM
### (Unpaid wages in violation of the Fair Labor Standards Act)

1.    The jurisdiction of this court is conferred because of the presence of:

    (a)    federal questions pursuant to 28 U.S.C. §§ 1331, 1337 and 1343 arising
           from claims based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201
           *et. seq.*; and

    (b)    a common nucleus of operative fact such that a single case or controversy
           is present for supplemental jurisdiction, pursuant to 28 U.S.C. §1367.

2.    The venue of this action is properly placed in the Southern District of New York

pursuant to 28 U.S.C. §1391 (b) and (c) because all or a substantial part of the events or

omissions giving rise to plaintiff's claims occurred in this district, defendants reside in this

district, and plaintiff was employed by defendants in this district.

1

3.    Upon information and belief, the six defendant corporations—Spice Palace, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management, Inc. (the "Spice group")—are domestic corporations organized and existing under the laws of the State of New York.

4.    Upon information and belief, the Spice group corporations act in partnership with one another in the operation and management of a chain of Thai restaurants in the State of New York.

**5.**    Upon information and belief, the Spice group is owned and operated by the individual defendants Kittigron Lirtpanaruk and Yongyut Limleartvate, who are sued individually and in their capacity as owners, officers or agents of the Spice group.

6.    Gonzales brings this claim as a collective action and class action on behalf of himself and all wait staff and "bussers" employed by the Spice group who were not compensated for wages earned in violation of the FLSA and New York Labor Law (the "class") during the period from April 30, 2002 to the date of this complaint (the "relevant period.")

7.    This claim is properly brought and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b) because Gonzales is similarly situated to other potential members of the class as they were all "wait staff" and "bussers" employed by the Spice group who suffered from the same common policies or plans of the Spice group which denied them the compensation to which they are entitled under the FLSA.


**Gonzales's employment at the Spice group**

8.     Gonzales was employed at the Spice group's restaurants from approximately November 2001 to December 2007. (Gonzales's "period of employment.")

9.     For approximately the first three years of his period of employment, Gonzales was employed as a busser at the Spice group's restaurant, located at 60 University Place, New York, New York (the "University Place location.")

10.     During the remainder of his period of employment, Gonzales was employed as a waiter at the Spice group's restaurant, located at 75 Second Avenue, New York, New York (the "75 Second Avenue location.")

11.     At the University Place location, Gonzales worked from approximately 10:30 a.m. to 12:30 or 1:00 a.m. from Monday through Saturday; and from approximately 10:30 a.m. to 4:00 p.m. on Sundays—for a total of approximately 90 hours per week.

12.     At the 75 Second Avenue location, Gonzales worked from approximately 11:00 a.m. to 12:30 or 1:00 a.m. six days per week, with Sundays off—for a total of approximately 83 hours per week.

13.     Gonzales was never allowed to take meal breaks during his period of employment.

14.     In addition to his duties as a busser and waiter, the Spice group required Gonzales to perform other tasks—including stocking items in the storage room, cleaning the restaurant, setting up the seating area, and carrying supplies from the delivery trucks to the storage area.

15.     From the beginning of his period of employment until approximately 2004, Gonzales received no salary or other compensation from the Spice group, and received compensation only in the form of tips from restaurant patrons.

16.     The management of the Spice group pooled together the tips received by all waiters at the restaurant (the "tip pool") and distributed portions to bussers and waiters at the end of each day.

17.     Gonzales received approximately $40 from the tip pool each day, regardless of the amount of tips actually left by patrons.

18.     Upon information and belief, all the other bussers and waiters also received approximately $40 from the tip pool each day during the relevant period, regardless of the amount of tips actually left by patrons.

19.     Gonzales repeatedly complained to managers at the Spice group, including Gin (the general manager) and Lenny (a co-owner), that $40 per day was not sufficient to compensate him for the hours he worked, but they told Gonzales he could leave if he didn't like it.

20.     Gonzales arrival and departure times were recorded on a punch card from 2001 into 2004.

21.     In 2004, the Spice group began using a computer system to record arrival and departure times (the "computer time system")—by which waiters and bussers would record their arrival and departure times by swiping a card or entering an identification number into a computer.

22.     After it switched to the computer time system, the Spice group began paying Gonzales a weekly salary of approximately $160 by check, in addition to the approximately $40 he received per day from the tip pool.

23.     However, the management of the Spice group required Gonzales to cash his weekly paycheck and return the resulting cash to the restaurant, and withheld his tips until he returned the cash from cashing his check.

24.     Gonzales was required to "punch out" using the punch card or computer time system hours before he actually stopped working each day, so that his time records would incorrectly indicate that he worked no more than 40 hours per week.

25.     Gin, the general manager, called the manager at Gonzales's location and instructed the manager to have all waiters and bussers punch out hours before they actually stopped working.

26.     After the Spice group switched to the computer time system, the Spice group presented Gonzales with a blank W-2 federal tax form each year and required Gonzales to fill out his name and address and return the form to the Spice group.

27.     In 2005, the Spice group received a tax refund check for approximately $8,000 in Gonzales's name.

28.     A manager of the Spice group instructed Gonzales to deposit the tax refund check in his bank account and return the amount in cash to the Spice group manager.

29.     Gonzales informed the Spice group manager that Gonzales did not have a bank account, so the Spice group manager required Gonzales to endorse the check and return it to the Spice group—and Gonzales, following these instructions, so returned the check.

30.     On occasions when Gonzales was late for work, the Spice group sent him a bill for $5 for every 15 minutes he was late, and withheld the sum from his daily tips.

31.    Gonzales was required to purchase uniform pants and shirts with his own money for use in his employment by the Spice group.

32.    There were no minimum wage posters at the University Place or 75 Second Avenue locations until 2006.

33.    At the University Place location, there were at least eight other bussers and wait staff who were subject to the same Spice group compensation policies as Gonzales during his period of employment.

34.    At the 75 Second Avenue location, there were at least five other bussers and wait staff who were subject to the same compensation policies as Gonzales during his period of employment.

35.    Upon information and belief, all bussers and wait staff at all the Spice group's restaurants were subject to the same compensation policies as Gonzales throughout the relevant period.

36.    Throughout the relevant period, the Spice Group failed to keep accurate records of the hours worked by employees—including records of arrival and departure times and the total number of hours worked each day and each week.

**The Spice group's violation of the FLSA**

37.    As is set forth above, the Spice group violated the Fair Labor Standards Act 29 U.S.C. §§ 201 *et. seq*., by failing to pay plaintiff the minimum hourly rate under Federal law, and by failing to pay plaintiff overtime compensation in the amount of on and one-half times the regular rate for each hour worked in excess of forty hours per week.

38.    During the relevant period, the minimum hourly wages required under New York

law were as follows:

(a)    $5.15 per hour from October 2001 to December 31, 2004, ("relevant

period A"), and

(b)    $6.00 per hour from January 1, 2005 to December 31, 2005, ("relevant

period B"), and

(c)    $6.75 per hour from January 1, 2006 to December 31, 2006 ("relevant

period C"), and

(d)    $7.15 per hour after January 1, 2007 ("relevant period D").

39.    The conduct of defendants as alleged herein was willful and deliberate.

40.    By reason of the foregoing, Gonzales is entitled to:

(a)    compensatory damages for unpaid wages in the amount of approximately
$203,338.65, calculated as follows:

i)    $33,784 for unpaid non-overtime hours worked during relevant
period A (164 weeks times 40 hours per week times $5.15), plus

ii)    $12,480 for unpaid non-overtime hours worked during relevant
period B (52 weeks times 40 hours per week times $6.00), plus

iii)    $14,040 for unpaid non-overtime hours worked during relevant
period C (52 weeks times 40 hours per week times $6.75), plus

iv)    $14,300 for unpaid non-overtime hours worked during relevant
period D (50 weeks times 40 hours per week times $7.15), plus

v)    $62,912.40 for unpaid overtime hours worked during relevant
period A ([156 weeks times 50 overtime hours per week times 1.5
times $5.15] plus [8 weeks times 43 overtime hours per week times
1.5 times $5.15]), plus

vi)    $20,124 for unpaid overtime hours worked during relevant period
B (52 weeks times 43 overtime hours per week times 1.5 times
$6.00), plus

7

vii)    $22,639.50 for unpaid overtime hours worked during relevant period C (52 weeks times 43 overtime hours per week times 1.5 times $6.75), plus

viii)   $23,058.75 for unpaid overtime hours worked during relevant period D (50 weeks times 43 overtime hours per week times 1.5 times $7.15).

(b)     liquidated damages in the amount of approximately $203,338.65 pursuant to the FLSA, 29 U.S.C. § 216(b); and

(c)     the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

(d)     such other and further relief as this Court deems just and equitable.

41.    By reason of the foregoing, each class member is entitled to:

(a)     compensatory damages for unpaid wages, including minimum wages and overtime premiums; and

(b)     liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b); and

(c)     the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

(d)     such other and further relief as this Court deems just and equitable.

**SECOND CLAIM**
**(Unpaid wages in violation of New York Labor Law)**

42.    Gonzales and the class repeat and re-allege each and every allegation of paragraphs

1 through 39.

43.    The Spice group violated N.Y. Labor Law §§ 2, 190 and 650, *et seq*. and 12

N.Y.C.R.R. §142-2.2, by failing to pay plaintiff the minimum hourly rate under New York State

law, and by failing to pay plaintiff overtime compensation in the amount of one and one-half

times the regular rate for each hour worked in excess of forty hours per week.

44.    Gonzales meets the prerequisites to bring this action on behalf of the class under

Rule 23 because:

    a)  Numerosity:  upon information and belief, the class is so numerous that
        joinder of all members as individual plaintiffs is impracticable.  While the
        exact number of class members is unknown and can only be obtained through
        discovery, plaintiff believes at least 60 other bussers and wait staff were
        affected by the Spice group's unlawful compensation policies, and

    b)  Commonality:  there are questions of law and fact common to the class,
        including whether the Spice group violated the FLSA and New York Labor
        Law, and

    c)  Typicality:  Gonzales's claims are typical of the class because Gonzales and
        other members of the class were each underpaid as a result of the Spice
        group's unlawful compensation policies, and

    d)  Adequacy:  Gonzales will fairly and adequately protect the interests of the
        class, he has no interests that are antagonistic to, or in conflict with, the
        interests of the class as a whole, and has engaged competent counsel to ensure
        protection of the interests of the class as a whole.

45.    This action is suited for class certification under Rule 23 because the prosecution of

separate actions by individual class members would create a risk of inconsistent or varying

adjudications with respect to individual members of the class that would establish incompatible

standards of conduct for the Spice group, questions of law and fact common to members of the

class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46.    By reason of the foregoing, Gonzales and the class are entitled to the relief set forth in paragraphs 40 (a), (c), and (d); and 41 (a), (c), and (d).

## THIRD CLAIM
### (Unpaid "spread of hour" wages under New York Labor Law)

47.    Gonzales and the class repeat and re-allege each and every allegation of paragraphs 1 through 39 and 43 through 45.

48.    Pursuant to N.Y Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, Gonzales and each class member are each entitled to one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wages they are entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day they worked in which the "spread of hours" for that day exceeded ten hours.

49.    12 N.Y.C.R.R. §142-2.18 defines "spread of hours" as the interval between the beginning and the end of an employee's work day.

50.    The Spice group did not pay Gonzales and other class members for "spread of hours" wages in addition to their weekly hourly wages.

51.    As is set forth above, The Spice group violated N.Y. Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, by denying Gonzales and other class members one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wages they were entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day in which the spread of hours exceeded ten hours.

52.    By reason of the foregoing, Gonzales is entitled to:

    (a)     compensatory damages for unpaid spread of hours wages in the amount of approximately $11,190.60, calculated as follows:

        i)     $5,067.60 for unpaid spread of hours wages during relevant period A (164 weeks times six days per week times $5.15), plus

        ii)     $1,872 for unpaid spread of hours wages during relevant period B (52 weeks times six days per week times $6.00), plus

        iii)    $2,106 for unpaid spread of hours wages during relevant period C (52 weeks times six days per week times $6.75), plus

        iv)    $2,154 for unpaid spread of hours wages during relevant period D (50 weeks times six days per week times $7.15), plus

    (b)     the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

    (c)     such other and further relief as this Court deems just and equitable.

53.   By reason of the foregoing, each class member is entitled to:

    (a)     compensatory damages of one-hour's wage at the minimum wage for each day when the spread of hours for the day exceeded ten hours; and

    (b)     the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

    (c)     such other and further relief as this Court deems just and equitable.

**Wherefore**, it is respectfully requested that this Court award the relief requested in paragraphs 40, 41, 46, 52 and 53.

May 1, 2008

_____
Peter G. Eikenberry (7257)
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050

Michael A. Faillace

Michael Faillace & Associates, PC
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200

*Attorneys for plaintiffs*

**E X H I B I T   B**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

| | |
|---|---|
| MARLON CASTRO, OCTAVIO RANGEL, MARTIN VASQUEZ, ALFREDO MARTINEZ, RODOLFO MENDEZ, GERARDO ANGULO, JUAN MARTINEZ, JOSE CERVANTES, SERGIO SANCHEZ, ISRAEL SANCHEZ, MARTINE PEREZ, GUILLERMO MENDOZA, OMAR CASTILLO, and AMANDO MARTINEZ,  individually and on behalf of others similarly situated, | **07 CV 4657 (RWS)(DFE)** |
| | **COMPLAINT** |
| | **FLSA COLLECTIVE ACTION** |
|                        *Plaintiffs*, | **Rule 23 Class Action** |
|                     -against- | **ECF Case** |
| SPICE PLACE, INC., SPICE AVE., INC., BANGKOK PALACE II, INC., SPICE CITY, INC., SPICE WEST, INC., KITLEN MANAGEMENT, INC., JUTTANA RIMREARTWATE, THANADHAM THANEESAENGSIRI, KARNDA VAJIRABANJONG, KEVIN LEATHERS, KITTIGRON LIRTPANARUK, YONGYUT LIMLEARTVATE, and YUANYONG RIMREARTWATE, | |
|                        *Defendants*. | |

----------------------------------------------------------------X

Plaintiffs Marlon Castro, Octavio Rangel, Martin Vasquez, Alfredo Martinez, Rodolfo

Mendez, Gerardo Angulo, Juan Martinez, Jose Cervantes, Sergio Sanchez, Israel Sanchez,

Martine Perez, Guillermo Mendoza, Omar Castillo, and Amando Martinez, individually and on

behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates,

P.C., allege upon information and belief of the above named Defendants, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of the Defendant corporations ("Spice Group").

2.      Upon information and belief, the Spice Group is comprised of six corporations that act in partnership with one another in the operation and management of a chain of Thai restaurants in the state of New York.  The six corporations include: Spice Place, Inc., Spice Ave, Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management, Inc.

3.      Upon information and belief, the Spice Group is owned and operated by individual Defendants Kittigron Lirtpanaruk, Yongyut Limleartvate, Juttana Rimreartwate, Thanadham Thaneesaengsiri, Karnda Vajirabanjong, Kevin Leathers, and Yuanyong Rimreartwate, who are or were doing business with different trade names, and who are sued as individuals that operated as directors and officers of the Spice Group.

4.      Defendants have maintained a policy and practice of requiring Plaintiffs to work in excess of forty hours per week without providing the minimum wage and overtime compensation required by federal and state law regulations.

5.      Plaintiffs now bring this action to recover damages, including but not limited to, unpaid minimum wages and overtime premiums, liquidated damages, interest, attorneys fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq*., and the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R. § 137-1.7 (2005) ("Spread of Hours Wage Order").

6.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

7.      Plaintiffs seek certification of this action as a class action on behalf of themselves, individually, and all other employees and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9.      Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants reside and Plaintiffs were employed by Defendants in this district.

**PARTIES**

*Plaintiffs*

10.     Plaintiff Marlon Castro ("Plaintiff Castro") is an adult individual residing in New York City, Kings County.  Plaintiff Castro was employed by Defendants as a delivery boy from approximately the year 2000 through April 2007.  During the course of his employment, Plaintiff Castro worked at Spice Uptown, Spice Chelsea, and Spice University.

11.     Plaintiff Octavio Rangel ("Plaintiff Rangel") is an adult individual residing in New York City, Queens County.  Plaintiff Rangel was employed by Defendants as a delivery boy, dishwasher, and food preparation assistant from approximately March 1999 through April 2006.  During the course of his employment, Plaintiff Rangel worked at Spice Uptown, Spice Chelsea, and Spice University.

12.     Plaintiff Martin Vasquez ("Plaintiff Vasquez") is an adult individual residing in New York City, Queens County.  Plaintiff Vasquez was employed by Defendants as a delivery boy from approximately November 2001 through May 16, 2007.  During the course of his employment, Plaintiff Vasquez worked at Spice Chelsea and Spice University.

13.     Plaintiff Alfredo Mendez ("Plaintiff Mendez") is an adult individual residing in New York City, Queens County.  Plaintiff Mendez has been employed by Defendants as a delivery boy from approximately June 2005 through the present.  During the course of his employment, Plaintiff Mendez has worked at Spice Uptown, SEA Bistro, and SEA Williamsburg.

14.     Plaintiff Rodolfo Mendez ("Plaintiff Rodolfo") is an adult individual residing in New York City, Queens County.  Plaintiff Rodolfo has been employed by Defendants as a delivery boy from approximately April 2001 through the present.  During the course of his employment, Plaintiff Rodolfo has worked at the Spice University and Spice Chelsea.

15.     Plaintiff Gerardo Angulo ("Plaintiff Angulo") is an adult individual residing in New York City, Queens County.  Plaintiff Angulo has been employed by Defendants as a delivery boy, dish washer, and food preparation assistant from approximately November 2003

through the present.  During the course of his employment, Plaintiff Angulo has worked at Spice Chelsea and Spice University.

16.    Plaintiff Juan Martinez ("Plaintiff Martinez") is an adult individual residing in New York City, Queens County.  Plaintiff Martinez has been employed by Defendants as a delivery boy from approximately May 2002 through the present.  During the course of his employment, Plaintiff Martinez has worked at Spice University and Spice Uptown.

17.    Plaintiff Jose Cervantes ("Plaintiff Cervantes") is an adult individual residing in New York City, Bronx County.  Plaintiff Cervantes has been employed by Defendants as a delivery boy from approximately September 2005 through the present.  During the course of his employment, Plaintiff Cervantes has worked at Spice Uptown and SEA Williamsburg.

18.    Plaintiff Sergio Sanchez ("Plaintiff Sanchez") is an adult individual residing in New York City, Queens County.  Plaintiff Sanchez has been employed by Defendants as a delivery boy from approximately April 2003 through the present.  During the course of his employment, Plaintiff Sanchez has worked at Spice University and Spice Uptown.

19.    Plaintiff Israel Sanchez ("Plaintiff Israel") is an adult individual residing in New York City, Queens County.  Plaintiff Israel has been employed by Defendants as a delivery boy, dishwasher, and food preparation assistant from approximately the year 1999 through the present.  During the course of his employment, Plaintiff Israel has worked at Spice Uptown, Spice University, and Spice Chelsea.

20.    Plaintiff Martine Perez ("Plaintiff Perez") is an adult individual residing in New York City, Queens County.  Plaintiff Perez has been employed by Defendants as a delivery boy

from approximately July 2003 through the present.  During the course of his employment, Plaintiff Perez has worked at Spice Uptown.

21.     Plaintiff Guillermo Mendoza ("Plaintiff Guillermo") is an adult individual residing in New York City, Queens County.  Plaintiff Guillermo has been employed by Defendants as a dishwasher and delivery boy from approximately June 2005 through the present. During the course of his employment, Plaintiff Guillermo has worked at Spice Uptown.

22.     Plaintiff Omar Castillo ("Plaintiff Castillo") is an adult individual residing in New York City, Queens County.  Plaintiff Castillo has been employed by Defendants as a delivery boy from approximately May 2003 through the present.  During the course of his employment, Plaintiff Castillo has worked at Spice Uptown and Spice University.

23.     Plaintiff Amado Martinez ("Plaintiff Amado") is an adult individual residing in New York City, New York County.  Plaintiff Amado was employed by Defendants as a delivery boy from approximately November 2001 through 2004.  During the course of his employment, Plaintiff Amado worked at Spice Uptown, Spice University, and Peep Soho.

*Defendants*

24.     Upon information and belief, Bangkok Palace II, Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate headquarters and operates a restaurant called Spice Uptown at 1411 2nd Avenue, New York, New York 10021.

25.     Upon information and belief, Spice Place, Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate

headquarters and operates a restaurant called Spice University at 60 University Place, New York, New York, 10003.

26.     Upon information and belief, Spice City, Inc. is a domestic corporation company organized and existing under the laws of the State of New York.  It maintains its corporate headquarters and operates a restaurant called SEA Williamsburg at at 114 N. 6th Street, Brooklyn, New York 11211.

27.     Upon information and belief, Spice West, Inc. is a domestic corporation company organized and existing under the laws of the State of New York.  It maintains its corporate headquarters and operates a restaurant called Peep Soho at 177 Prince Street, New York, New York 10012.

28.     Upon information and belief, Kitlen Management, Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate headquarters at Spice Uptown located at 1411 2nd Avenue, New York, New York, 10021.

29.     Upon information and belief, Spice Avenue Inc. is a domestic corporation organized and existing under the laws of the State of New York.  It maintains its corporate headquarters at 44-32 65th Street, Woodside, New York 11377, and operates a restaurant called Spice Chelsea at 199 8th Avenue, New York, New York, 10003.

30.     Upon information and belief, Defendant Kittigron Lirtpanaruk ("Defendant Lirtpanaruk") is an individual engaged in business in the New York City.  Defendant Lirtpanaruk is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

31.     Upon information and belief, Defendant Yongyut Limleartvate ("Defendant Limleartvate") is an individual engaged in business in the New York City.  Defendant Limleartvate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

32.     Upon information and belief, Defendant Juttana Rimreartwate ("Defendant Rimreartwate") is an individual engaged in business in the New York City.  Defendant Rimreartwate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

33.     Upon information and belief, Defendant Thanadham Thaneesaengsiri ("Defendant Thaneesaengsiri") is an individual engaged in business in the New York City.  Defendant Thaneesaengsiri is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

34.     Upon information and belief, Defendant Karnda Vajirabanjong ("Defendant Vajirabanjong") is an individual engaged in business in the New York City.  Defendant Vajirabanjong is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

35.     Upon information and belief, Defendant Kevin Leathers ("Defendant Leathers") is an individual engaged in business in the New York City.  Defendant Leathers is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

36.    Upon information and belief, Defendant Yuanyong Rimreartwate ("Defendant Rimreartwate") is an individual engaged in business in the New York City.  Defendant Rimreartwate is sued individually and in his capacity as an owner, officer and/or agent of the Defendant companies.

## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

37.    Defendants employed Plaintiffs as delivery personnel, dishwashers and/or food preparation assistants and indirectly required them to provide their own uniform shirts and bicycles, and refused to compensate them or reimburse them for these expenses.

38.    Plaintiffs regularly worked in excess of 40 hours a week and more than 10 hours a day.

39.    Plaintiffs received tips from Defendants' customers.  However, Defendants failed to inform the Plaintiffs that their tips were supposed to be credited towards the payment of the minimum wage and did not keep adequate records of tips received by Plaintiffs.

40.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

41.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate timesheets and payroll records.

42.    Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, hours worked each day, or total hours worked each week.

43.     Defendants forced Plaintiffs to use fake social security numbers with the specific intent of defrauding federal and state laws.  In approximately January 2006, the State of New York Office of the Attorney General initiated an audit of the Spice Group's employment and compensation practices.  Plaintiffs were required to split their 6-day work week between two restaurant locations.  Defendants forced Plaintiffs to work 3 days a week at one Spice Group restaurant under their valid social security number, and work the remaining 3 days at a different Spice Group restaurant under a fake social security number.

*Defendants' Organizational Structure*

44.     Upon information and belief, the Spice Group is comprised of six corporations that act in partnership with one another - Spice Place, Inc., Spice Ave, Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., and Kitlen Management, Inc.  Upon information and belief, the chain of Thai restaurants includes:

a.      Spice University
        60 University Place
        New York, New York 10003

b.      Spice Chelsea
        199 8th Avenue
        New York, New York 10011

c.      Spice Uptown
        1411 2nd Avenue
        New York, New York 10021

d.      SEA Williamsburg
        114 N. 6th Street
        Brooklyn, New York 11211

e.      SEA Bistro
        75 2nd Avenue

New York, New York 10003

    f.    Peep Soho
           177 Prince Street
           New York, New York 10012

45.    Upon information and belief, Defendants Kittigron Lirtpanaruk, Yongyut Limleartvate, Juttana Rimreartwate, Thanadham Thaneesaengsiri, Karnda Vajirabanjong, Kevin Leathers, and Yuanyong Rimreartwate are the owners and/or executive directors of the Spice Group Thai restaurants.

46.    Upon information and belief, each individual Defendant was the principal, agent, partner, joint venturer, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest or predecessor in interest of the other Defendants, and/or was engaged with the other Defendants in a joint enterprise for profit, and bore such other relationships to the other Defendants so as to be liable for their conduct.

47.    At all relevant times, one or more Defendants employed and/or jointly employed one or more Plaintiffs.

48.    The gross annual volume of sales made or business done by Spice Group, for each year in existence, was not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated).

49.    At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Collective Action Claims*

50.    On information and belief, there are over sixty current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

51.    The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action.

52.    Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

*Class Action Claims*

53.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

54.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the state of New York, on or after the date that is six years before the filing of the complaint in this case, June 2001, to entry of judgment in this case (the "New York Class Period"). All said persons, including Plaintiffs, are referred to herein as the "New York Class."

55.    The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which

the calculation of that number are presently within the sole control of Defendants, there are approximately over 50 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

56.    The representative parties will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

57.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

58.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

59.    The claims of Plaintiffs are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical

of those of class members.

60.     There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

  a.  what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

  b.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

  c.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

  d.  whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

  e.  whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

  f.  at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

  g.  what are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

**FIRST CAUSE OF ACTION**
**Violation of the Minimum Wage Provisions of the FLSA**

61.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

62.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

63.    At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

65.    Defendants intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67.    Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Violation of the Overtime Provisions of the FLSA**

68.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

69.    Defendants intentionally failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

70.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

72.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

73.     At all relevant times, Defendants were Plaintiffs' employers within the meaning

of the N.Y. Lab. Law §§ 2 and 651.

74.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly

rate, in violation of the New York Minimum Wage Act and regulations.

75.     Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of

the New York Labor Law.

76.     Defendants' failure to pay Plaintiffs minimum wage was willful within the

meaning of N.Y. Lab. Law § 663.

77.     Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Violation of the Overtime Provisions of the New York State Labor Law

78.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79.     Defendants willfully failed to pay Plaintiffs overtime compensation at rates of one

and one-half times the regular rate of pay for each hour worked in excess of forty hours in a

workweek, in violation of N.Y. Lab. Law § 190 et seq. and regulations of the New York State

Department of Labor.

80.     Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of

the New York Labor Law.

81.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the

meaning of N.Y. Lab. Law § 663.

82.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order of the New York Commissioner of Labor

83.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84.    Defendants failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten in violation of N.Y. Lab. Law §  190 et seq. and § 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §137-1.7 and 137-3.11.

85.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

86.    Defendants' failure to pay Plaintiffs an additional hour pay for each day Plaintiffs spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

87.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully request the Court enter judgment against Defendants:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.    Designating this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under New York Labor Law;

C.    Awarding Plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law;

D.    Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage, spread of hours pay, and overtime compensation owed pursuant to 29 U.S.C. § 216(b);

E.    Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to Section 98 of the New York Labor Law;

F.    Awarding Plaintiffs prejudgment interest;

G.    Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys fees; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
         June 1, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
     Michael Faillace [MF-8436]
     110 East 59th Street, 32nd Floor
     New York, New York 10022
     (212) 317-1200

**E X H I B I T  C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MARLON CASTRO, OCTAVIO RANGEL,
MARTIN VASQUEZ, ALFREDO MARTINEZ,
RODOLFO MENDEZ, GERARDO ANGULO,
JUAN MARTINEZ, JOSE CERVANTES,
SERGIO SANCHEZ, ISRAEL SANCHEZ,
MARTINE PEREZ, GUILLERMO MENDOZA,            **CONSENT TO JOIN LAWSUIT**
OMAR CASTILLO, and AMANDO MARTINEZ,
on behalf of themselves and all others similarly    **CONSENTIMIENTO**
situated,                                        **PARA HACER**
                                   *Plaintiffs,*    **PARTE DE UNA DEMANDA**

                    -against-

SPICE PLACE, INC., SPICE AVE., INC.,         **07 CV 4657**
BANGKOK PALACE II, INC., SPICE CITY,
INC., SPICE WEST, INC., KITLEN              **ECF Case**
MANAGEMENT, INC., JUTTANA
RIMREARTWATE, THANADHAM
THANEESAENGSIRI, KARNDA
VAJIRABANJONG, KEVIN LEATHERS,
KITTIGRON LIRTPANARUK, YONGYUT
LIMLEARTVATE, and YUANYONG
RIMREARTWATE,
                                   *Defendants.*
-------------------------------------------------------------X

TO:    Clerk of Court, Southern District of New York
       500 Pearl Street, New York, New York 10007


       I hereby consent to join this lawsuit as a party plaintiff.

       (Yo, por medio de este documento, doy mi consentimiento para formar parte de la
       demanda como uno de los demandantes.)

Name / Nombre:                              **Guillermo Gonzalez**

Address / Direccion:                        **82-15 Britton Ave., Apt.5B**

                                            **Queens, NY 11373**

Phone Number / Numero de Teléfono:          **(516) 965 0118**

                                            Michael <u>Faillace</u> & Associates, P.C.

Legal Representative / Abogado:

                                            N/A
            Other / Otro:

Signature / Firma:                          Guillermo González

Date / Fecha:                               09/11/07