UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GUILLERMO GONZALES, individually and on behalf
of all others similarly situated,                                    08 CV 3887 (RWS)

                        Plaintiff,

                -against-

SPICE PLACE, INC., SPICE AVE., INC.,
BANGKOK PALACE II, INC., SPICE CITY, INC.,
SPICE WEST, INC., KITLEN MANAGEMENT, INC.,
KITTIGRON LIRTPANARUK and YONGYUT
LIMLEARTVATE,

                        Defendants.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF DEFENDANTS' MOTION TO DISMISS

                                        LAW OFFICE OF
                                        RICHARD E. SIGNORELLI
                                        Co-Counsel for Defendants
                                        799 Broadway, Suite 539
                                        New York, NY 10003
                                        Telephone:   212-254-4218
                                        Facsimile:    212-254-1396
                                        E-mail:  rsignorelli@nycLITIGATOR.com

                                        LIPMAN & PLESUR, LLP
                                        Co-Counsel for Defendants
                                        500 North Broadway, Suite 105
                                        Jericho, NY 11753
                                        Telephone:   516-931-0050
                                        Facsimile:    516-931-0030
                                        E-mail:  lipman@lipmanplesur.com

# TABLE OF CONTENTS

        <u>Page</u>

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................1

    POINT I    GONZALES SHOULD NOT BE PERMITTED TO BRING THE SAME CLAIMS AGAINST THE SAME DEFENDANTS IN TWO SEPARATE ACTIONS ........................1

    POINT II    THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................2

    POINT III    THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO JOIN A PARTY UNDER FED R. CIV. P. 19 ......................................................................5

    POINT IV    THE FLSA CLAIMS ARE ALSO BARRED BY THE STATUTE OF LIMITATIONS ...................................6

CONCLUSION ................................................................................................................................8

## PRELIMINARY STATEMENT

Defendants Spice Place, Inc., Spice Ave., Inc., Bangkok Palace II, Inc., Spice City, Inc., Spice West, Inc., Kitlen Management, Inc., Kittigron Lirtpanaruk and Yongyut Limleartvate respectfully submit this reply memorandum of law in further support of their motion for an order: (1) dismissing this action on the ground that it is duplicative of a previously-filed action, Castro et al. v. Spice Place, Inc. et al., S.D.N.Y. Civ. No. 07-CV-4657 (RWS); (2) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted; (3) dismissing this action pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19; (4) dismissing the claims under the Federal Labor Standards Act ("FLSA") as time-barred to the extent plaintiff seeks relief based on the work he allegedly performed at the restaurant located at 60 University Place, New York, New York, from approximately November 2001 until November 2004; and (5) for such other and further relief as the Court may deem just and proper.

## ARGUMENT

### POINT I

### GONZALES SHOULD NOT BE PERMITTED TO BRING THE SAME CLAIMS AGAINST THE SAME DEFENDANTS IN TWO SEPARATE ACTIONS

Gonzales should not be permitted to bring the same claims against the same defendants in two separate actions. Gonzales appears to be suggesting that he is not pursuing the same claims in the Castro Action and in the instant action because it is not clear whether he is a party to the Castro Action. (Plaintiff Opp. Mem., p. 5.) However, the consent form that he executed and filed in the Castro Action states: "I hereby consent to join this lawsuit as a party plaintiff." (Affirmation of Robert Lipman, Exh. C.) By executing and filing this consent form Gonzales

1

"opted-in" to the Castro Action. See 29 U.S.C. § 216(b). As such he has "the same status in relation to the claims of the lawsuit as do the named plaintiffs." Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).[1]

## POINT II

### THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted. Specifically, although predicated on a "joint employer" theory, the amended complaint fails to sufficiently allege any "joint employer" relationship as would support any entitlement to relief under that theory.

As an initial matter, Gonzales' reliance on Bowrin v. Catholic Guardian Soc'y, 417 F.Supp.2d 449 (S.D.N.Y. 2006) and related cases, statutes and regulations is misplaced. Bowrin involved a dispute over coverage under the FLSA. The issue in that case was whether the plaintiffs-employees were covered under the FLSA and therefore entitled to overtime premium wages under the FLSA. See id. at 457. The FLSA, notably, provides for coverage under two distinct theories, the "enterprise" theory and the "individual" theory. See id. at 457; Boekemeier v. Fourth Universalist Soc'y in the City of New York, 86 F.Supp.2d 280, 285-87 (S.D.N.Y. 2000).

---

[1] Gonzales states that he will voluntarily dismiss his claims in the Castro Action "[i]f the Court determines that Gonzales is a party to that action[.]" (Plaintiff Opp. Mem., p. 5.) Defendants object to this since Gonzales, by opting-in to the Castro Action, has alleged that he is similarly situated to the other plaintiffs in that action. We reserve the right to waive this objection if the Court allows discovery to take place, and if such discovery demonstrates that Gonzales is not in fact similarly situated to any of the plaintiffs in the Castro Action.

2

Whether Gonzales is an FLSA-covered worker is not at issue on this motion. "Point I" of Gonzales' opposition memorandum – in which he appears to be arguing that the "Spice group" is an "enterprise" within the meaning of the FLSA's coverage provisions – is thus irrelevant. At issue here, rather, is whether the amended complaint sufficiently alleges that the defendant restaurants are "joint employers" subject to joint and several liability for the alleged wage law violations. As discussed below, the amended complaint fails to sufficiently allege any "joint employer" relationship as would support any entitlement to relief under a "joint employer" theory.

Courts employ an "economic realities" test to determine whether an entity is a "joint employer" subject to joint and several liability under the FLSA. See Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *8-9 (S.D.N.Y. Dec. 10, 2007). In applying this test courts generally consider at least the following four factors: "(1) who hired and fired the workers; (2) who supervised and controlled their work schedules; (3) who determined rate and method of payment; and (4) who managed employment records."[2] Id. at *10 (noting that the list of factors that courts consider "is not formulaic and the absence of one [or] more factors is not dispositive"); see Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 71 (2nd Cir. 2003).

To adequately state a claim for relief under a "joint employer" theory, a complaint must go "beyond reciting the elements of a joint employer arrangement"; it must "sufficiently allege joint employer status." Cannon, 2007 U.S. Dist. LEXIS 91139 at *12. The complaint "must, at a minimum, sufficiently plead the facts underlying the claim 'to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Id. at *7

---

[2] The "economic realities" test also applies to claims under the New York Labor Law. See Cannon, 2007 U.S. Dist. LEXIS 91139 at *8.

3

(quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). "In other words, to state a claim, the complaint must contain enough facts to suggest that the allegations are 'plausible.'" Id. at *7; see In re AOL Time Warner, Inc. Sec. Litig., 503 F.Supp.2d 666, 670 (S.D.N.Y. 2007) ("[T]he touchstone for a well-pleaded complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6) is plausibility.").

Here, there is no allegation in the amended complaint that any of the defendant restaurants other than the ones where Gonzales allegedly actually worked (i.e., the restaurant located at 60 University Place and the restaurant located at 75 Second Avenue) had or could have played any role in his hiring or firing. There is no allegation that any of these other defendant restaurants supervised or controlled his work schedule. There is no allegation that any of these other defendant restaurants determined the rate and method of his payment. There is no allegation that any of these other defendant restaurants managed his employment records.[3]

---

[3] Contrary to what Gonzales claims, the amended complaint does not sufficiently allege "common compensation policies" among the defendant restaurants. The allegations in the amended complaint that purportedly set forth these "common compensation policies" are actually Gonzales-specific allegations that relate only to the restaurants where he allegedly actually worked. (Gonzales Amended Complaint, ¶¶ 9-34.) These Gonzales-specific allegations are then followed by this generic, blanket allegation: "Upon information and belief, all bussers and wait staff at all the Spice group's restaurants were subject to the same compensation policies as Gonzales throughout the relevant period." (Id., ¶ 35.) This bald, conclusory allegation is plainly insufficient to raise the claim of "common compensation policies" "above the speculative level". Twombly, 127 S.Ct. at 1964-65 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"). There are simply not enough facts alleged to suggest that the claim is "plausible". See Cannon, 2007 U.S. Dist. LEXIS 91139 at *7-8; AOL Time Warner, 503 F.Supp.2d at 670.

4

The amended complaint, in short, fails to sufficiently allege any "joint employer" relationship as would support any entitlement to relief under a "joint employer" theory.[4] See Cannon, 2007 U.S. Dist. LEXIS at *10-12; Twombly, 127 S.Ct. at 1964-65.

Accordingly, it is respectfully submitted that the instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately state a claim upon which relief can be granted.

## POINT III

### THE INSTANT ACTION SHOULD BE DISMISSED FOR FAILURE TO JOIN A PARTY UNDER FED. R. CIV. P. 19

The instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19. The restaurant located at 75 Second Avenue, where Gonzales allegedly worked from approximately November 2004 until December 2007, is Kitlen, Inc. This restaurant is not named as a defendant in the amended complaint. It is clearly a "necessary" party under Rule 19.[5]

---

[4] The bald, unsupported allegations in the amended complaint that "[u]pon information and belief" the defendant restaurants "act in partnership with one another" and that the defendant restaurants are "owned and operated by the individual defendants" are plainly insufficient in this regard. (Gonzales Amended Complaint, ¶¶ 4-5.) See Cannon, 2007 U.S. Dist. LEXIS at *10-11 ("While defendants shared a common goal . . . that is not sufficient, on its own, to defeat [the] motion to dismiss. Even assuming that joint venture status and physical proximity were elements of the economic realities test, we do not find them to be sufficient to establish joint employer status in this case.") (internal footnote omitted).

[5] Kitlen, Inc. has been in active, continuous operation since its formation in 1999. Due to an apparent lapse in making certain routine franchise tax filings, the corporation was involuntarily dissolved, unbeknownst to its officers, in 2003. However, because it has been operating continuously, it may be considered a de facto corporation. See L-Tec Electr. Corp. v. Cougar Electr. Org., Inc., 198 F.3d 85, 87 (2d Cir. 1999) ("[i]t is well established in New York that a company lacking formal corporate status but nonetheless operating as a corporation may be considered a de facto corporation"; "we see convincing signs in New York case law that a company dissolved for failure to pay franchise taxes can be considered a de facto corporation").

## POINT IV

## THE FLSA CLAIMS ARE ALSO BARRED BY THE STATUTE OF LIMITATIONS

Gonzales' only claims for relief against a named defendant in this case arise out of the work he allegedly performed at the 60 University Place restaurant (i.e., Spice Place, Inc.) from approximately November 2001 until November 2004. (Gonzales Amended Complaint, ¶¶ 9-10.) These claims are clearly time-barred under the FLSA. See Davis v. Lenox Hill Hosp., 2004 U.S. Dist. LEXIS 17283, at *26 (S.D.N.Y. Sep. 1, 2004) (statute of limitation for FLSA violation is ordinarily two years; it is extended to three years for willful violations); 29 U.S.C. § 255.

Gonzales contends that the instant action may be deemed to have been commenced on October 12, 2007, when he filed his consent form in the Castro Action. This contention is meritless.

First, the consent form filed by Gonzales in the Castro Action does not "carry over" to this action. The consent form states: "I hereby consent to join this lawsuit [i.e., the Castro Action] as a party plaintiff." (Emphasis added.) The form by its terms is thus limited to the Castro Action; it clearly and specifically stated Gonzales' intent to join in the Castro Action and not the instant action or any other action. Accordingly, it does not "carry over" into this action (or any other action). See Albritton v. Cagle's, Inc., 508 F.3d 1012, 1019 (11th Cir. 2007) ("we agree with the district court that the consents the plaintiffs had filed to join the Anderson

---

Since becoming aware of the dissolution, Kitlen, Inc.'s officers have acted expeditiously to ensure that the corporation complete any missing filing and to apply for the corporation's reinstatement. Reinstatement will be granted as a matter of course once the requisite filings have been made and all outstanding franchise taxes, interest and penalties are paid. See id. Once reinstated, Kitlen, Inc.'s "corporate status [will be] restored nunc pro tunc[.]" Id. In short, because it is an actively operating de facto corporation and because its corporate status is expected to be fully restored nunc pro tunc, Kitlen, Inc. is or may be deemed an "active" corporation at all relevant times for purposes of this litigation.

6

litigation in 2002 were limited to that litigation, and they do not carry over to the two present lawsuits which were filed in 2005").

Second, 29 U.S.C. § 256 dictates when the instant action may be deemed to have been commenced. It provides, in pertinent part, that a collective action under the FLSA

> shall be considered to be commenced in the case of any individual claimant–
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear–on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. Accordingly, the earliest possible date when the instant action may be deemed to have been commenced is April 24, 2008, when the complaint was filed.

Third, Gonzales' reliance on American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) and Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345 (1983) is misplaced. In those cases the Supreme Court held that the filing of a putative class action tolls the statute of limitations for all potential class members. American Pipe, 414 U.S. at 554; Crown, 462 U.S. at 350. This holding does not apply to collective actions under the FLSA. For such actions 29 U.S.C. § 256 is controlling on this issue. Under § 256, the statute of limitations continues running as to each potential plaintiff, regardless of when the collective action was filed, until he or she files a written consent to opt-in to the action. See 29 U.S.C. § 256.

Accordingly, it is respectfully submitted that the FLSA claims should be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' main brief, it is respectfully submitted that the Court should dismiss this action in its entirety and award Defendants attorneys' fees and costs and such other relief as the Court deems just and appropriate.

Dated: New York, New York
September 4, 2008

        LAW OFFICE OF
        RICHARD E. SIGNORELLI

By: _____/s/_____
Richard E. Signorelli (RS 7976)
Bryan Ha (BH 5295)
Co-Counsel for Defendants
799 Broadway, Suite 539
New York, NY  10003
Telephone:  212-254-4218
Facsimile:  212-254-1396
E-mail:  rsignorelli@nycLITIGATOR.com

Robert D. Lipman (RL 3564)
Lipman & Plesur, LLP
Co-Counsel for Defendants
500 North Broadway, Suite 105
Jericho, NY  11753
Telephone:  516-931-0050
Facsimile:  516-931-0030
E-mail:  lipman@lipmanplesur.com